In the Matter of RUDOLPH J. LE PORE, an Attorney, Respondent. MONROE COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, July 6, 1972.

*Bruce E. Hansen* for petitioner.

*Rudolph J. Le Pore,* respondent in person, and *Jordan E. Pappas* for respondent.

*Per Curiam.* Respondent was admitted to practice law in this Department on November 10, 1954. In a disciplinary proceeding instituted by the Monroe County Bar Association the petition contains three specific charges of professional misconduct on the part of respondent, and following submission of an answer putting the charges in issue the matter was referred to a Referee to take proof of the issues of fact and report the same to the court with his factual findings.

At the hearing before the Referee, before a witness was sworn petitioner withdrew charges I and III and the Referee received in evidence an agreed statement of facts as to charge II executed by the president of the petitioner association and the respondent and sworn to by the respondent.

In accordance with the facts as stipulated, the Referee found that the respondent was retained to represent the seller on the sale of certain real property and that he was to remit the net proceeds of the sale to the seller; that the sale was closed and the proceeds paid to respondent; that the respondent failed to deposit the proceeds in a bank in a separate account, but deposited them in an account where they were commingled with his personal funds; that respondent drew checks on the account for his personal use and for other clients, reducing the balance of the account below the amount required to pay the client; that the check which respondent delivered to the client in payment was returned marked "insufficient funds"; and that after a complaint was filed with the petitioner which initiated an investigation, the check for the net proceeds of the sale was paid by respondent.

On the facts, as agreed by the parties and found by the Referee, it is clear that respondent commingled his client's funds received from the real estate transaction with his own personal funds, drew a check or checks against his account for his use or for other clients, thereby reducing his bank balance below that required to pay his client, and issued a check to his client when his account had insufficient funds with which to honor it.

Such professional misconduct constitutes a violation of section 90 of the Judiciary Law, canon 9 of the Code of Professional Responsibility, specifically DR9–102 thereof, and subdivision (a) of section 1022.11 (22 NYCRR 1022.11 [a]) of the rules of this court. The report of the Referee should be confirmed and the respondent should be suspended from the practice of law for one year and thereafter until the further order of the court.

DEL VECCHIO, J. P., MARSH, MOULE, CARDAMONE and HENRY, JJ., concur.

Order of suspension entered.