In the Matter of IRVIN V. IVERSEN, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, April 9, 1976

*David E. Brennan* for petitioner.

*F. Bernard Hamsher* and *Irvin V. Iversen, pro se,* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in June, 1962 and presently maintains offices for the practice of law in Williamsville and Hancock, New York. By its amended petition the New York State Bar Association has charged respondent with four similar instances of misconduct in which the Code of Professional Responsibility and section 1022.5 (22 NYCRR 1022.5) of the Appellate Division Rules Relating to Attorneys were violated. In each instance petitioner alleged that respondent was retained to perform legal services by the sellers of real property and that he was to remit the net proceeds of the sale to the sellers; that the sales were closed and the proceeds paid to the respondent; that in each instance the respondent deposited the proceeds in his trust account; that while said proceeds were deposited in his trust account, checks were drawn upon this account thereby reducing the balance of the account below the amount of the net proceeds due his clients; that the account was overdrawn and such overdrafts occurred several times during the period when the net proceeds belonging to the four complaining clients were held by the respondent. The facts were generally conceded by

the respondent, but he denied responsibility for the condition of his bank accounts and denied that he was guilty of any misconduct in handling his clients' funds.

When complaints were made to respondent by his clients he merely put them off with flimsy excuses. For example, in one case he excused his conduct to the Referee hearing these charges by asserting that it was necessary to retain almost $7,500 of Mrs. Watkins' money for seven months to secure payment of a potential tax liability no greater than $672. Two clients were required to retain the services of lawyers to recover their money and the local bar association also assisted in forcing respondent to transmit the funds belonging to the clients. Throughout this period, extending several years, despite the fact that respondent's bank account was consistently overdrawn, sometimes by as much as $20,000, he made no significant effort to straighten out his bookkeeping or insure the safekeeping of his clients' funds.

The Referee who heard the testimony in this proceeding has found that the respondent converted $29,650.96 belonging to Phyllis M. Hoos from the period of November 8, 1972 to April 17, 1974; that respondent converted at least the sum of $14,153.73 belonging to Ralph, Geraldine and Katherine Bauer from November 26, 1971 to January 24, 1972; that respondent converted $7,427.42 belonging to Delores Watkins from May 17, 1971 to December 14, 1971; and that respondent coverted $23,845.54 belonging to Gerald M. Slade from May 19, 1975 to August, 1975. The clients now have been reimbursed their funds and Mr. Slade has been paid $3,023 to reimburse him for legal fees incurred in recovering his money.

We confirm the findings of the Referee.

An attorney holds money that he collects for a client as a trustee and he is obligated to keep it separate from his own and pay it over to the client on demand. If he fails to do so and uses the client's money for any purpose of his own, he violates his professional duty and should be disciplined (*Matter of Braun,* 11 AD2d 147; *Matter of Babcock,* 230 App Div 323, 325). It is no defense that the attorney intended to and did, in fact, reimburse the client (*Matter of Detsky,* 16 AD2d 595; *Matter of Coleman,* 178 App Div 580, 583). The conversion is complete when the account in which the client's funds are deposited is overdrawn or when the balance of the account is less than the client's interest in it, and the conduct of the attorney is not excused because the improper handling of the

funds is due to mismanagement rather than misconduct *(Matter of Le Pore,* 39 AD2d 261; *Matter of Raines,* 38 AD2d 459).

The respondent's conduct constitutes violations of the Code of Profession Responsibility, DR 1-102 (illegal conduct), DR 6-101 (neglecting legal matters entrusted to him), DR 9-102 (avoiding the appearance of impropriety by failing to notify the client of receipt of the funds promptly and failing to deliver the funds to the client promptly). He has also violated the provisions of section 1022.5 of the Rules of the Appellate Division (22 NYCRR 1022.5) regarding the deposit and withdrawal of clients' funds.

Respondent has demonstrated his unfitness to practice law and should be disbarred.

MARSH, P. J., CARDAMONE, SIMONS, GOLDMAN and WITMER, JJ., concur.

Order of disbarment entered.