In the Matter of WARREN J. BLACK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 11, 1984

### APPEARANCES OF COUNSEL

*Susan Brotman* and *Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Edward G. Galian* of counsel (*Siller & Galian,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

In this disciplinary proceeding the Departmental Disciplinary Committee (DDC) seeks an order confirming the findings of fact and conclusions of law of the hearing panel and directing that respondent be suspended from the practice of law for a period of two years. The respondent cross-petitions for an order disaffirming the panel's report and dismissing the charges.

Respondent was admitted to practice by this Department on March 22, 1954 and has since maintained offices herein. Two charges alleging respondent's professional misconduct were sustained by the hearing panel. These charges involved complaints alleging neglect of a client's matter and dishonesty, fraud, deceit and misrepresentation in connection with respondent's management of escrow funds.

The panel determined that respondent undertook to represent a client in a partition proceeding pending in Rockland County and although he had appeared in court on behalf of the client and obtained an adjournment in order to familiarize himself with the file, he failed to appear on the trial date with the result that a default was entered against his client. Respondent's claim that he never in fact undertook to represent the client was properly rejected by the panel. The record reveals that he not only was in written communication with the client and opposing counsel, he was paid the requested retainer fee. Moreover, following the default, notice of settlement, and thereafter, notice of entry of the interlocutory judgment which granted partition and directed the sale of the property, were served upon the respondent. Respondent ignored these notices, failed to notify his client of the receipt thereof and failed to take any action to vacate the default. Substitute counsel's initial efforts to have the judgment vacated were unavailing precisely because of respondent's neglect.

In early 1979, respondent was retained to represent another client in a matrimonial matter and in connection with the sale of a family-owned business. Under the terms of the sale, the respondent was to receive and hold a total of $7,500 in his escrow account for payment of the client's prospective tax liability. The first installment of $4,000 was received and deposited into his trustee account at the Chase Manhattan Bank. That account also contained funds belonging to other clients. On June 20, 1979, the Internal Revenue Service (IRS) levied upon that account to enforce collection of Federal income taxes owed by the respondent. After the levy only some $67.33 remained in the account.

Respondent thereafter received the remaining $3,500 from the sale of the client's business, along with his fee of $10,000. He deposited these funds into a new escrow account that he had opened at Chemical Bank. He used these funds to pay the obligations of other clients whose moneys had been in the Chase Manhattan account. He also used these funds for his personal expenses. During July, 1979, the balance in the new account was $2,044. Between then

and September, 1981, the balance in the account fell below $3,500 on seven occasions. The tax obligation was paid with funds borrowed from respondent's sister. Respondent never notified any of his other clients for whom he had held escrow funds of the IRS levy. Moreover, he failed to produce any records which would show an allocation and segregation of those escrow funds among his clients. Nor did he take any action to vacate the improper levy or to replace the funds.

The panel was advised after it had sustained the charges of professional misconduct that respondent had previously received two letters of admonition; one in 1972 for delay in pursuing litigation and another in 1978 for failure to cooperate with the DDC's investigation into a complaint. The hearing panel recommended that respondent be suspended for two years.

The record of the proceedings before the hearing panel amply supports their findings of fact and conclusions of law. It is clear that respondent neglected the Rockland County matter. Despite his having been notified of the default and his having been served with the proposed interlocutory judgment, he did nothing; he did not inform his client that these documents had been received nor did he take any steps to vacate the default. His commingling and conversion of escrow funds likewise is clearly established on this record. Not only was the balance in the escrow account insufficient to pay the client's tax liability on seven different occasions over a 26-month period, it is clear that respondent commingled these escrow funds with his own funds and used them to pay his personal expenses. The fact that the respondent paid his client's tax liability when it came due is no defense to the charge of conversion and commingling of funds. (*Matter of Iversen,* 51 AD2d 422.) Conversion of a client's funds presumptively calls for disbarment (*Matter of Marks,* 72 AD2d 399, 401). However, considering the unusual circumstances of the conversion in this case, arising initially from the improper IRS levy upon the escrow account, we determine that a two-year suspension is a sufficient sanction.

Accordingly, the motion to confirm the findings of fact and conclusions of law should be granted, the motion to

disaffirm denied and respondent suspended from the practice of law for a period of two years and until further order of this court.

KUPFERMAN, J. P., SANDLER, ASCH, KASSAL and ALEXANDER, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period of two years, effective November 12, 1984, and until the further order of this court.