Herbert J. ZIEBEN, Appellant,

v.

Arthur E. PLATT, Jr., Appellee.

No. C14–88–879–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 8, 1990.

---

Paul S. Francis, Houston, for appellant.

Thomas G. Bousquet, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellee sued appellant on a promissory note. We affirm.

In 1977 Zieben entered into an earnest money contract ("Agreement") to buy 12.-6121 acres in Harris County from Shadow Corporation, which was owned by James B. DeGeorge. The parties closed the sale on November 15, 1979. Zieben purchased 5.61787 acres free and clear and secured the remaining 6.99423 acres with a promissory note for $178,800. That note was later conveyed to three trusts of which Arthur Platt is trustee. Zieben built 168 apartment units on the five-acre tract and planned to build an additional 210 units on the seven-acre tract upon expansion of the sewage treatment plant for the area.

The promissory note came due in November 1982 but was extended for an additional two years. By November 1984 the expansion of the treatment plant had not been accomplished. It was completed by the time of trial. A restrictive covenant on the property had not yet been released by the time of trial. When the note came due in 1984, Zieben proposed another extension, but DeGeorge refused and demanded payment. Zieben then gave notice that he was rescinding the note in accordance with Paragraph 7 of the Agreement because the property did not have the necessary utility capacity. DeGeorge refused rescission, and Platt, as trustee, filed suit.

 The case was tried to the court. The judge filed findings of fact and conclusions of law, which are attacked by seven points of error. The findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing the evidence supporting a jury's answer. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). In a no evidence point of error, only the evidence and inferences that support the challenged finding will be considered, and all contrary evidence and inferences will be disregarded. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988). In a factual sufficiency point of error, all of the evidence will be considered and the finding will be set aside only if the evidence is so weak or the finding so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). Conclusions of law drawn from findings of fact are reviewed to determine their correctness. *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

Points of error one through four concern Zieben's alleged right to cancel the promissory note. In support of his argument, he cites the following paragraphs in the earnest money contract:

7. It is expressly agreed and understood that Purchaser is buying the herein described property based on the representations of Seller that all utilities are available to the site and will be provided according to a letter, a copy of which is herewith attached. In the event such connection for apartments is not avail-

able Purchaser shall have the option of cancelling this contract and all monies previously advanced are to be refunded. Purchaser is aware of the requirement of a lift station to be built by the developer for the service of this tract and agrees to bear the expense of same.

8. Any provision in this contract which shall by its nature impose any obligation or duty upon any party hereto continuing beyond the date of closing will not be cancelled and considered merged into the final papers at closing, but will instead survive the closing of the sale of the property and will continue in full force and effect until all such obligations and duties are fully performed.

The letter referred to in Paragraph 7 is a commitment letter to DeGeorge from the City Department of Public Works dated June 23, 1977, approving the 168 apartment units but placing restrictions on the remainder of the property pending enlargement of the treatment plant. That project was expected to be completed by January 1979. The letter stated that if the apartment units were not under construction within twelve months, a new commitment would have to be secured. Zieben requested a new letter in April 1978. It was sent on April 24th with an expiration date of June 23rd. That latter date was extended by letter of May 11th to "within twelve months." The May 11th letter expired in 1979, and no new commitment letter was requested until March 17, 1981. Therefore, on November 15, 1979, the date of closing, no utility commitment letter was in effect.

In points of error one through four, Zieben claims that the trial court erred in finding that he had no continuing right to cancel the note under Paragraphs 7 and 8 of the Agreement. Zieben further claims that the court erred in finding that he did not exercise his right to cancel the note. Finally, he argues that there was no evidence or, alternatively, insufficient evidence to support the trial court's finding that all utilities were available to the subject property.

Zieben maintains that Paragraphs 7 and 8 were inserted into the Agreement to insure that he would not be obligated to purchase the property if he were unable to develop it because the sewer capacity was not enlarged. Appellee Platt argues, however, that Paragraph 7 gave Zieben the right to rescind only the earnest money contract and not the subsequent note. In the interpretation of contracts, the primary concern is to ascertain and to give effect to the intentions of the parties as expressed in the instrument. To achieve this, the court will examine and consider the entire instrument so that none of the provisions will be rendered meaningless. *R & P Enterprises v. LaGuarta, Gavrel & Kirk*, 596 S.W.2d 517, 518–19 (Tex.1980).

The language of the Agreement lends itself more readily to Platt's interpretation. The contract begins "This Earnest Money contract is made and entered into by and between Shadow Corporation and Herbert J. Zieben, Trustee." References to "this contract" occur throughout the document, including Paragraphs 7 and 8 ("the option of cancelling this contract" and "any provision in this contract"). "This contract" could mean only the earnest money contract. Furthermore, a right to cancel logically would arise if, at the time of closing, all utilities were not available to the site rather than at some unspecified time in the future. Also, the utilities were available for the five-acre section of the tract at closing. There is no differentiation between the two tracts in Paragraph 7 in language that would have allowed rescission for the one but not for the other.

The larger question, however, is what obligation or duty continued beyond the date of closing. Zieben claims the obligation was the seller's representation that all utilities for development of the site would be provided according to the June 23, 1977, letter from the Department of Public Works. The letter promised only that the additional 210 units would be permitted upon completion and acceptance of the treatment plant expansion. That expansion simply took longer than anyone anticipated. Obviously, DeGeorge had no control over the timing of the project. At

trial Zieben acknowledged that DeGeorge could not guarantee the acts of the city.

■ The closing was delayed several times at Zieben's request. It was not accomplished until over two years after the contract was signed. By that time, the most recent commitment letter had expired. Zieben knew of the expiration as he had requested the letter. He also knew when he closed on the property in late 1979 that the expansion had not yet begun. However, he chose to decline the option to cancel provided in the earnest money contract and consummate the sale. The trial court thus did not err in finding that Zieben had no continuing right to cancel the promissory note.

■ The court also found that all utilities were available to the tract purchased by Zieben on November 15, 1979. Zieben challenges the sufficiency of the evidence to support this finding. He agreed at trial that at the site there was access to all utilities, including gas, water, electricity and telephone. He argues, however, that the pertinent inquiry is whether utilities were available for all of the planned units. Shadow Corporation did not promise anything beyond what was stated in the commitment letter. Zieben had the option of cancelling the earnest money contract if the sewer connections were not available at closing. The connections were not available, but he closed on the property anyway. Points of error one through four are overruled.

In point of error five, Zieben argues alternatively that if he had no right to cancel the Agreement after closing, the trial court erred in finding that there was not a mutual mistake of fact concerning the timely availability of utilities for the additional 210 apartment units. Zieben asserts that the evidence established a mutual mistake of fact as a matter of law as it is undisputed that both parties believed the additional capacity would be available within several years of the date of closing. He maintains that this is evidenced by the fact that the promissory note called for the principal to be due in three years.

■ An error in predicting a future event known to be uncertain is not the kind of mistake that will relieve a party from a contract. *City of Austin v. Cotten,* 509 S.W.2d 554, 557 (Tex.1974). Although the parties may have thought the city would act long before it did, no one guaranteed Zieben that the connections for the additional apartment units would be available when he was ready to build them. The evidence does not support a finding of mutual mistake of fact. Point of error five is overruled.

■ In point of error six, Zieben argues that the trial court erred in finding the promissory note to be enforceable because the evidence established as a matter of law that there was a failure of consideration. Zieben claims it is undisputed that the property was worthless without the sewer utility capacity necessary for its development. He cites as evidence certain statements made by DeGeorge that the tract would have little value without utilities. DeGeorge also stated, however, that the land had little value to him but would have value to Zieben because he had built the adjacent apartments and could go ahead and finish out the project. With the expansion completed, presumably the restrictions could be released and the additional apartments constructed. The evidence does not support a finding of failure of consideration. Point of error six is overruled.

In point of error seven, Zieben argues that there was no evidence or, alternatively, insufficient evidence to support several of the trial court's conclusions of law concerning assumption of the risk, ratification and estoppel. When challenging conclusions of law, appellants should keep in mind the following:

> The trial court necessarily draws its conclusions of law from the facts as it finds them. The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them; its conclusions of law are reviewable when attacked as erroneous as a matter of law, but not when attacked on grounds of sufficiency of the evidence to

support them, as if they were findings of fact.

*First National Bank in Dallas v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.— Tyler 1979, writ ref'd n.r.e.). The standard for review is whether the conclusions of law drawn from the findings of fact are correct.

The trial court concluded that Zieben assumed the risk of getting additional utilities to the twelve-acre tract at the time he purchased the property. The court further concluded that any requirement that the twelve-acre tract have utility commitment in excess of 168 units was assumed by Zieben when he purchased the property. As discussed above, it is clear that Zieben assumed the responsibility, and therefore the risk, of getting the additional utilities. Whether this is an assumption of the risk in a legal sense is questionable. However, this particular conclusion is not crucial to the verdict because of this court's affirmation of the trial court's conclusion that there are no grounds for granting rescission of the promissory note.

The court also found that Zieben ratified and affirmed the promissory note on January 15, 1983 when he executed its renewal and that he is estopped from attempting to rescind the sales agreement and/or the promissory note by his inaction and conduct between November 15, 1979, and March 22, 1984. Ratification occurs when a party recognizes the validity of a contract by acting under it, performing under it or affirmatively acknowledging it. *Wetzel v. Sullivan, King & Sabom,* 745 S.W.2d 78, 81 (Tex.App.—Houston [1st Dist.] 1988, no writ). Ratification may either be express or implied from a course of conduct. *Diamond Paint Co. of Houston v. Embry,* 525 S.W.2d 529, 535 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). Estoppel by contract, the theory urged by appellee, is a form of "quasi estoppel" based upon the idea that a party to a contract will not be permitted to take a position inconsistent with its provisions to the prejudice of another. *Hawn v. Hawn,* 574 S.W.2d 883, 886 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.).

Zieben did not exercise his one option to cancel the sale prior to closing although he knew the expansion of the sewage treatment plant had been delayed. In a November 1982 letter to DeGeorge, Zieben acknowledged that the city would not provide the remaining utilities for three to five more years. He made no mention of holding DeGeorge accountable or of rescinding the promissory note. Instead, he proposed that the note be extended for three years and stated that he was investigating the construction of a temporary plant that would allow him to proceed with construction of the additional apartments. The subject of rescission did not arise until DeGeorge refused a second extension. The trial court's findings of fact and the evidence in the record support these conclusions of law. Point of error seven is overruled.

Appellee Platt asks that we award him damages under Tex.R.App.P. 84 for a frivolous appeal. We decline to do so as we do not find appellant Zieben's arguments to be without any possible merit.

The judgment of the trial court is affirmed.