**THE STATE BAR of Texas, Appellant,**

v.

**Patrick L. GAILEY, Appellee.**

**No. A14–94–00109–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 13, 1994.

Rehearing Overruled Nov. 3, 1994.

Linda A. Acevedo, Austin, for appellant.

Terrence Gaiser, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

**OPINION**

MURPHY, Justice.

In this appeal, we consider whether an attorney violated Disciplinary Rule 9–102(A) of the Texas Code of Professional Responsibility ("Preserving Identity of Funds and Property of a Client").

In July 1992, the State Bar of Texas brought disciplinary action against appellee, Patrick L. Gailey, for professional misconduct in five unrelated matters. After a bench trial, the court entered judgment in appellee's favor on all five matters. The appellant disputes the findings in two of the matters, both of which involve bank records which show that appellee's client trust account balance fell below the amount necessary to pay out the sums he held in trust. We find that the trial court's findings of fact and conclusions of law that appellee did not

commit professional misconduct are fully supported by the evidence, and affirm the judgment of the trial court.

On December 16, 1988 and February 22, 1989, appellee deposited two clients' settlement checks of $18,000 and $13,000, respectively, into his client trust fund. Appellee attempted to resolve fee disputes with medical providers on behalf of these clients. Subsequently, he withheld total payments of $7993.50 from the providers with the clients' knowledge. In July 1989, when the disputes were resolved, appellee paid the medical providers. During the interval between making the deposits and paying the providers, appellee's March and April 1989 bank statements indicated that the funds held in his client trust fund account fell below $7993.50, the amount necessary to pay the clients' bills from the medical providers. Nevertheless, appellee's own office records indicated sufficient funds in the client trust fund.[1] The record shows no evidence that appellee misappropriated or misdirected the funds, or that the clients were harmed. The trial court found that appellee had deposited sufficient funds in the trust account and withheld payment pending a resolution of a fee dispute with a medical provider. In addition, the appellee's office ledger indicated the trust account's average monthly balance between January and July to be $31,446.68, an amount ample to cover fees for professional services for his clients.

Appellant contends that the trial court's findings of facts and conclusions of law are ambiguous, and raises three points of error related to that ambiguity. In its first point of error, appellant maintains that the court's finding that the actual balance in appellee's client trust account was adequate to pay the amount held in trust to be against the great weight and preponderance of the evidence. Points of error two and three, allege that the trial court findings, as a matter of law, cannot lead to the court's conclusion.

When reviewing findings of fact for legal and factual sufficiency, the court of appeals must apply the same standards that are applied in reviewing the evidence supporting a jury's answer. *Zieben v. Platt,* 786 S.W.2d 797, 799 (Tex.App.—Houston [14th Dist.] 1990, no writ). All of the evidence must be considered and weighed, and the finding set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Plas-Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). Conclusions of law drawn from the findings of fact are reviewed to determine their correctness. *Zieben,* 786 S.W.2d at 799.

The applicable portion of the Texas Code of Professional Responsibility states:

(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein.

State Bar Rules, art. X, § 9, DR 9–102(A) (Texas Code of Professional Responsibility), (Vernon 1988).[2]

Appellant argues, in effect, that an attorney violates DR 9–102(A) and is strictly liable if the monthly bank statement of his client trust fund reflects a balance below that which he holds in trust. Appellant would apply this rule of strict liability regardless of a showing that the bank failed to credit deposits timely, that the client suffered no harm, or that the attorney did not misappropriate client funds. Other jurisdictions have applied a similar rule by finding professional misconduct by misappropriation, whether intentional or unintentional, when the bank balance of the client trust account falls below the amount held in trust. *In re Hines,* 482

---

1. Appellee's office ledger is not among the records sent to this Court for review. Nevertheless, we find appellee's uncontroverted testimony in the statement of facts to be sufficient in determining the contents of the office ledger.

2. On October 17, 1989, by Order of the Supreme Court, Article X, § 9, DR 9–102(A) was repealed and Article X, § 9 of the current State Bar Rules was adopted, effective January 1, 1990. *See* Tex Disciplinary R.Prof.Conduct, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. (Vernon Supp.1994) (State Bar Rules art. X, § 9).

A.2d 378, 386 (D.C.1984); *Giovanazzi v. State Bar of California*, 28 Cal.3d 465, 169 Cal.Rptr. 581, 585–86, 619 P.2d 1005, 1009 (1980); *Iversen v. New York State Bar Ass'n*, 51 A.D.2d 422, 381 N.Y.S.2d 711, 713 (1976).

■ Appellant cites no Texas authority, nor have we been able to find any, that applies a strict liability standard under the DR 9–102(A). Furthermore, we find no Texas authority which addresses the document by which the adequacy of an attorney's conduct is to be judged under DR 9–102(A), or that declares a bank statement to be above reproach. We decline to subject the standard of professional conduct only to the monthly accounting of a commercial bank. We find sufficient evidence to support the trial court's conclusion that appellee committed no professional misconduct under DR 9–102(A) of the Texas Code of Professional Responsibility.

We overrule appellant's points of error and affirm the judgment of the trial court.