NO. 07-01-0277-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 29, 2002

_____

CAMILO LUJAN, APPELLANT

V.

LORENA VILLA, GINA MARIE CASTILLO AND JUANA CASTILLO, APPELLEES

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-559,550; HONORABLE MACKEY HANCOCK, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Following a non-jury trial, appellant Camilo Lujan, challenges a judgment that Juana Castillo, a resident of California, recover damages in the amount of $430,000 plus interest and other damages and relief from Lujan, which litigation arose out of Lujan's sale

of five apartment units in Lubbock, Texas to Castillo.[1]  By five issues, Lujan contends the evidence is legally and factually insufficient to support 1) the judgment against him for common law and statutory fraud, 2) the amount of the judgment against him for common law and statutory fraud, 3) the judgment against him for breach of special warranty deeds, 4) the amount of the judgment against him for breach of special warranty deeds, and 5) the award of $250,000 exemplary damages.  Based on the rationale expressed herein, we affirm.

During the three day non-jury trial, Lujan, a resident of Whittier, California, testified on his own behalf, and eight witnesses were called by Castillo, who also introduced 128 exhibits, *i.e.*, contracts, deeds, deeds of trust, other documents, and photographs.  The reporter's record consists of approximately 1300 pages.[2]  Upon conclusion, the trial court found: 1) Lujan made six fraudulent representations to Castillo that induced her to purchase the units to her detriment of $635,000; 2) Lujan breached the special warranty deeds because liens created by Lujan still existed at the time of conveyance and were never excluded from the warranty; 3) Lujan made misrepresentations to Castillo willfully,

---

[1] Initially, Hildeli Gomez, plaintiff sued Lujan, as defendant, to file a California judgment against Lujan, as defendant.  After numerous amended pleadings that added parties, claims, cross-claims and third party claims, the trial court realigned the parties for purposes of trial.  Accordingly, Castillo and her daughter and niece proceeded as plaintiffs, and Lujan, Gomez, Eddie C. Rodriguez, Hector F. Flores, Hector Javier Flores, Salvador Quesada and Serapia Quesada, as defendants.  Gomez and the Quesadas failed to appear for trial, and after trial, judgment was rendered for plaintiffs and against defendants as realigned.  Only Lujan appeals; thus, this case and its appeal should be treated as one of Castillo versus Lujan.

[2] Lujan does not contend any error by the trial court in the admission or exclusion of evidence, including expert testimony presented by Castillo.

with malice, and in reckless disregard of her rights, which justified the award of $250,000 exemplary damages; and 4) appropriate findings regarding attorney's fees, and judgment was rendered in accordance with the findings. The trial court signed its judgment on April 10, 2001, and on May 14, 2001, pursuant to a request for findings of fact and conclusions of law, made 45 findings of fact, at least three of which were mixed questions of law and fact, and 16 conclusions of law. However, Lujan does not specifically mention or otherwise challenge any finding of fact in the five issues. We cannot reverse a trial court's judgment on the basis of unassigned error. Pat Baker Co., Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998). Therefore, we must first determine which, if any, of the sufficiency of the evidence issues are properly raised by Lujan and which, if any, findings of the trial court are binding on this Court because they are not properly challenged.

Findings of fact in a bench trial have the same force as a jury's verdict upon jury questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, the findings of fact are not conclusive when a complete statement of facts appears in the record, if the contrary is established as a matter of law, or if there is no evidence to support the findings. Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex. 1985) (per curiam). The findings of fact are reviewable for factual and legal sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App.--

3

Houston [14th Dist.] 1990, no writ); *see also* W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals*, 24 ST. MARY'S L.J. 1045, 1145 (1993).

Further, where an appellant challenges both legal and factual sufficiency of the evidence, the appellate court should first review the legal sufficiency challenge. Glover v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981); Koch Oil Co. v. Wilber, 895 S.W.2d 854, 862 (Tex.App.--Beaumont 1995, writ denied). If an appellant is attacking the legal sufficiency of an adverse finding on which the appellant did not have the burden of proof, the appellant must show on appeal that there is no evidence to support the adverse finding. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). The reviewing court considers the evidence in the light most favorable to the finding to determine if there is any probative evidence or reasonable inferences therefrom, which supports the finding. *Glover*, 619 S.W.2d at 401. The court disregards all evidence and inferences to the contrary. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992).

Our review of trial court conclusions of law is *de novo.* In re Humphreys, 880 S.W.2d 402, 403 (Tex. 1994), *cert. denied,* 513 U.S. 964, 115 S. Ct. 427, 130 L. Ed. 2d 340 (1994). However, as noted above, although findings of fact are reviewable for legal and factual sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole. In re M.W., 959 S.W.2d 661, 664 (Tex.App.--Tyler 1997, no writ). Further, the rule has often been otherwise stated that if the trial court's findings of fact are not challenged by a point of error on appeal, they

4

are binding upon the appellate court. Northwest Park Homeowners Ass'n, Inc., v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.--Amarillo 1998, pet. denied); Carter v. Carter, 736 S.W.2d 775, 777 (Tex.App.--Houston [14th Dist.] 1987, no writ).

In her brief, Castillo argues that a broad challenge to the sufficiency of evidence without specifying the challenged finding of fact by the trial court preserves nothing for review. Bransom v. Standard Hardware, Inc., 874 S.W.2d 919, 927 (Tex.App.--Fort Worth 1994, writ denied). Further, she argues that unless the issue specifically challenges a trial court's finding, it is binding on the appellate court. *Carter*, 736 S.W.2d at 777. Although Castillo raised the adequacy of Lujan's challenge in her brief, Lujan did not by reply brief or otherwise respond to Castillo's contention that his challenge of the findings of fact was not sufficient.

Points of error challenging the sufficiency of the evidence following an appeal from a jury trial are adequate where the error complained of is readily apparent from the argument. Pool v. Ford Motor Co., 715 S.W.2d 629, 633 (Tex. 1986). Where, as here, the appeal is taken from a non-jury trial with findings of fact and conclusions of law, supported by a reporter's record, the better practice is to identify or designate the challenged findings of fact by issue, sub-issue, point, or sub-point. TEX. R. APP. P. 38.1(h). However, a challenge to a designated or otherwise unidentified finding of fact may be sufficient if it is included in the argument of the issue or point, if after giving consideration to the number of the findings of fact, the nature of the case, and the underlying elements of the applicable

5

legal theories, the specific finding(s) of fact which the appellant challenges can be fairly determined from the argument. *See* Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982) (*citing* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX. L. REV. 361, (1960)). *Holley* is applicable to this case because it too was an appeal in a fraud case where findings of fact and conclusions of law were presented.

By his first issue, Lujan challenges the legal and factual sufficiency of the evidence to support the judgment of common law and statutory fraud and by his third issue, he challenges the legal and factual sufficiency of the evidence to support the judgment for breach of special warranty deeds. However, Lujan does not designate or identify the applicable underlying findings of fact essential to the judgment by analysis of the elements of the cause of action or otherwise. Considering the number of the parties, that the trial court made 45 findings of fact, the multiple causes of action presented, the variety of legal theories involved, and the record as a whole, as presented in his brief, we conclude that the specific findings of fact which Lujan contends are not supported by the evidence cannot be fairly determined from his argument. Accordingly, as to issues one and three, the findings of fact by the trial court are binding on this Court and the issues present nothing for review. Issues one and three are overruled.

By issues two, four, and five, Lujan questions the sufficiency of the evidence to support the damages award; however, the issues do not require determination of underlying facts as a predicate for the relief sought. Even though Lujan does not expressly

6

identify which findings he challenges, the relevant witnesses, evidence, and findings can be determined, and therefore we will now consider issues two, four, and five.

By his second issue, without expressly identifying finding of fact 15, Lujan contends the evidence is legally and factually insufficient to support the amount of the judgment for damages against him for common law and statutory fraud. He argues the evidence does not support the award of $635,000 for fraud damages. Lujan does not cite any authority as required by TEX. R. APP. P. 38.1(h), to identify the measure of damages by which the evidence is to be tested. Lujan simply asserts the stated sale price of the property and the actual cost of bringing the properties up to code was equal to the property valuation asserted by Castillo's expert. Therefore, he urges us to conclude Castillo did not suffer any damages as a result of his fraud. We disagree.

First, the trial court's award and the evidence must be analyzed with respect to the proper measure of damages. Texas courts recognize two measures of damages for misrepresentation. Leyendecker & Assocs., Inc., v. Wechter, 683 S.W.2d 369, 373 (Tex. 1984). The common law measure allows the injured party to recover the actual injury suffered measured by the "difference between the value of that which he has parted with, and the value of that which he has received." *Id.* (*quoting* George v. Hesse, 100 Tex. 44, 93 S.W. 107 (1906)). The second measure permits a party to recover the difference between the value as represented and the actual value received. *Id*; *see also* Campbell

v. C.D. Payne and Geldermann Sec., Inc., 894 S.W.2d 411, 420 (Tex.App.--Amarillo 1995, writ denied).

Initially, we notice that appellant concedes that viewed in the light most favorable to the verdict, the evidence shows that he represented "the properties were worth $1,000,000." Continuing his argument, however, appellant neither acknowledges nor in any way challenges the five written appraisals covering the properties demonstrating the actual value at the time of the transaction to be $364,400. Thus, it is apparent that the trial court's judgment was based on the represented value ($1,000,000), less the actual value at the time of sale ($364,400), and thus fixed the damages at $635,000. Because appellant does not challenge the probative nature of the evidence of the properties' fair market value at the time of the transaction, and admits that he represented the properties were worth $1,000,000, we conclude there is more than a scintilla of evidence to support the $635,000 award for fraud damages, and the legal insufficiency challenge fails.

In considering a factual sufficiency issue, we review all the evidence and reverse only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool*, 715 S.W.2d at 635; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (Tex. 1951). However, the trier of fact is the sole judge of the credibility of the witnesses and the weight given their testimony. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 549 (1962). Therefore, the fact finder may believe one witness and disbelieve another and resolve inconsistencies in testimony. McGalliard v.

8

Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). Considering the factual sufficiency challenge here, we again consider appellant's concession that he represented the properties were worth $1,000,000 and the written real estate appraisals mentioned above. The record also shows considerable testimony from four different witnesses describing the condition of the properties and their need for repair to place them in a rentable condition and comply with applicable city codes regarding fire and safety. Applying the foregoing standard of review, we conclude the factual sufficiency challenge must also fail because the $635,000 award for fraud damages is not so against the great weight and preponderance of the evidence as to be manifestly unjust. Issue two is overruled.

By his fourth issue, appellant contends the evidence is legally and factually insufficient to support the amount of the judgment for damages against him for breach of special warranty deeds. He argues (1) the $562,000 damages awarded for breach of warranty were necessarily included in the award for fraud, and thereby constitute impermissible double recovery; (2) there was no evidence in the record to show Castillo was in any way harmed by his failure to list in the deed existing liens on the property; and (3) that because Castillo was not the owner of record under the deeds, she could not have suffered damages from his breach of warranty. We disagree.

Lujan does not support his challenge by an analysis of his perception of the controlling measure of damages. More importantly, however, Lujan does not cite any legal authority which he contends constitutes the controlling measure of damages. Because the

9

issue is not supported by citation to authorities as required by TEX. R. APP. P. 38 .1(h), these sub-issues present nothing for review. McFarland v. Sanders, 932 S.W.2d 640, 647 (Tex.App.--Tyler 1996, no writ). However, Texas law does not favor double recovery. *See* Waite Hill Servs., Inc. v. World Class Metal Works, Inc., 959 S.W.2d 182, 184 (Tex. 1998). Accordingly, in the interest of justice we will briefly address the sub-issue regarding double recovery.

Appellant does not assist this Court in determining how the $562,000 damages awarded for breach of warranty constitutes impermissible double recovery. The record indicates five special warranty deeds conveyed the properties, warranting to defend the property against any claim, excepting those disclosed in the deeds. However, no liens were actually disclosed in the deed. The undisputed evidence in the record also indicates at the time appellant conveyed the deeds, liens created through Lujan existed on the properties in the amount of $562,000. There is nothing in the judgment to indicate that any portion of this amount was also included in the amount of damages awarded for fraud, or vice versa.

By our analysis of issue two, we stated the appropriate measure of damages for fraud, and that the fair market value of the properties was supported by the written appraisals. A brief review of the appraisals demonstrates that contrary to Lujan's contention, the appraiser assumed the "property is free and clear of any encumbrances" and the definition of market value for the purposes of the appraisals did not consider

10

encumbrances and liens.  Because these values used to compute fraud damages did not include the dollar amount of the secured but undisclosed debt against the property, no double recovery exists.  Issue four is overruled.

By his fifth issue, Lujan argues the evidence is legally and factually insufficient to support the award for $250,000 exemplary damages or the award for attorney's fees, because the judgments for fraud and breach of warranty were not supported by the evidence. Our analysis of issues one through four pretermits analysis of issue five.  Issue five is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

11