■ In the Matter of KENNETH H. COHN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on February 20, 1973. Following the conclusion of a previous disciplinary proceeding, he was suspended from the practice of law for a period of four months, effective December 31, 1981, and until further order (*Matter of Cohn,* 84 AD2d 882). In this proceeding to discipline him for additional professional misconduct, petitioner moves to confirm in part and to disaffirm in part the report of the referee to whom the issues were referred. Respondent opposes the motion and requests that we confirm the findings that are favorable to him and disaffirm those that are unfavorable. ¶ The original petition contains 33 charges of professional misconduct. Three of the charges were subsequently withdrawn by petitioner. The referee sustained 18 of the remaining charges consisting of the following: 11 charges of neglect of legal matters entrusted to him (charges IV, V, XI, XII, XIV, XV, XVI, XVIII, XX, XXIV, XXVIII); three charges of misleading clients as to the status of their matters (charges VI, XVII, XIX); two charges of deception by failing to advise a client in one instance and the father of a client in another of his suspension from practice (charges XIII, XXX); one charge of failure to render an account for moneys received (charge XXIX); and one charge of failure to comply with the prior order of suspension and the rule of this court (22 NYCRR 806.9) governing the conduct of suspended attorneys in that he failed to have his name removed from the list of practicing attorneys appearing in the 1982 telephone directory, accepted new retainers in three cases following entry of the order of suspension but prior to its effective date, and failed to notify 10 of his clients of his suspension (charge XXXIII). After reviewing the evidence, we are in agreement with the referee's findings except with respect to charge XXX, which alleges that respondent deceived the father of a client by failing to advise him of his suspension. As to this charge, we determine that the evidence does not support a finding of deception. The referee refused to sustain the following: six charges of neglect (charges I, II, VII, IX, XXII, XXVII); four charges of misleading clients (charges III, VIII, X, XXV); one charge of failure to cooperate with an attorney retained by a former client (charge XXI); and one charge of misleading petitioner (charge XXVI). We are in agreement with these findings except with respect to charge XXI. As

to this charge, we determine that the evidence supports a finding that respondent failed to cooperate. ¶ The supplemental petition contains 11 charges of professional misconduct. Two of the charges were subsequently withdrawn. The referee sustained the remaining charges, finding that respondent neglected four legal matters entrusted to him (charges I, IV, VI, VII); misled an attorney as to the status of a matter (charge II); misled petitioner on two occasions concerning actions allegedly taken or to be taken by him in connection with inquiries involving his professional conduct (charges III, V); failed to cooperate with petitioner in its investigation of two inquiries (charge X); and failed to comply with the prior order of suspension and the rule of this court governing the conduct of suspended attorneys in that he failed to notify three of his clients of his suspension and practiced law while under suspension by appearing as attorney for one of the parties in a real estate transaction approximately six months after his suspension (charge XI). The evidence in the record supports the referee's findings as to these charges. ¶ Respondent contends that he was suffering from extreme emotional distress for an extended period of time prior to and after his suspension caused initially by an overextension of his practice, which was then exacerbated by the notice and fact of his suspension. While there is some support in the record for this explanation of respondent's misconduct, it is clear that such condition is not a defense to disciplinary action for professional misconduct, although it may be considered in mitigation in a proper case. Respondent also urges that he made a good-faith attempt to notify all of his clients of his suspension, as evidenced by proof in the record of the hundreds who were so notified, and he states that he did not intentionally violate our rule in this regard. More troublesome is respondent's acceptance of three new retainers in the period following notification of his suspension, but before its effective date. This he attempts to excuse or, at least, mitigate by the argument that because of his extreme emotional distress, he was unable to differentiate between right and wrong at that time. Even more troublesome and unexplained, unless we accept his contention, which we are unwilling to do, that he was also unable to tell the difference between right and wrong for a considerable period of time after his actual suspension, is the fact that he engaged in the practice of law approximately six months after the effective date of his suspension by appearing as attorney for one of the parties in a real estate transaction. ¶ In determining an appropriate measure of discipline for respondent's misconduct, we have given due consideration to the circumstances urged upon us by the respondent, including the fact that he has been under suspension from December 31, 1981 to date. We have also taken note of the fact that there is no claim of conversion of clients' funds or failure to return unearned retainers. Nonetheless, respondent's misconduct is serious, particularly that of practicing law while under suspension, and would ordinarily warrant disbarment. However, we have determined, under all the circumstances, that the ends of justice will be adequately served in this matter by the further suspension of respondent from the practice of law for a period of two years, effective immediately, and until further order of the court. ¶ Respondent suspended for a period of two years, effective immediately. Order entered. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.