In the Matter of ALAN DAVID HARRIS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 17, 1987

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

*Gustave H. Newman* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by the Appellate Division, First Judicial Department, on June 18, 1962. In this proceeding, the petitioner moves to confirm in part and disaffirm in part the report of the Special Referee, and the respondent submits an affidavit in opposition to that part of the petitioner's motion which seeks to disaffirm the Referee's findings that charges one, three, five, seven and eight were not sustained.

In this proceeding the respondent was charged with eight allegations of professional misconduct. The Special Referee sustained only charges two, four and six. The respondent was charged with (1) converting clients' funds to his own use and benefit, (2) failing to maintain proper escrow accounts and commingling moneys belonging to clients, (3) improperly entering into a business relationship with a client based on a misrepresentation to the client, (4) improperly attempting to limit his liability to a client by causing the client to execute a general release as condition for the return of the client's moneys, (5) neglecting his duties and obligations as an attorney in a divorce action, (6) refusing to return a file to a client entitled to the file by requiring the client to sign a letter prepared by the respondent which stated that the services rendered by the respondent were "reasonable and fair" and the cost of said services was "satisfactory", (7) charging an excessive legal fee and misrepresenting to the client the amount of time and services performed, and (8) engaging in improper, untruthful and potentially misleading advertising of his legal services.

After reviewing all of the evidence, we disagree with the Special Referee's failure to sustain charges one, three, five, seven and eight. We find as to these five charges that the credible evidence, including the respondent's own admissions,

establish his guilt of these charges and find the respondent guilty of all eight charges of professional misconduct described above. The respondent argued that there was no intent to misappropriate funds and that the clients eventually received all their money. These arguments do not negate the fact that his checking account was overdrawn at a time when the clients' funds should have remained intact. This conversion, in and of itself, constitutes grounds for the imposition of the severest possible sanction. The petitioner's motion is granted.

The respondent is adjudged guilty of serious professional misconduct. He is therefore disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and EIBER, JJ., concur.