(September 16, 1988)

■ In the Matter of DAVID H. SWYER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. In this attorney disciplinary proceeding, petitioner Committee on Professional Standards moves to confirm the report of the Referee to whom the matter was referred. Respondent, who was admitted in this department in 1977, maintains an office for the practice of law in the City of Albany.

The petition alleges misconduct in connection with respondent's representation of an infant plaintiff, one Keisha Walker, in a personal injury action. Specifically, the petition charges that, after settling the action which was commenced in Supreme Court on Walker's behalf, respondent deposited the settlement proceeds into his attorney escrow account rather than into a separate account in the name of Walker and her mother, as Supreme Court had ordered. Thereafter, on several occasions, respondent permitted the balance in the escrow account to fall below the amount that he was supposed to be holding on Walker's behalf. The settlement proceeds were not delivered to Walker until March 1987, nearly four years after such funds had been received by respondent. The Referee sustained the single charge of misconduct contained in the petition based upon these facts.

While respondent admits the factual allegations set forth in the petition, he challenges the conclusion that he is guilty of violating the Code of Professional Responsibility. Respondent states that his escrow account balance fell below the required amount because he had removed funds from the account in order to shelter them from a possible levy by the Internal Revenue Service, which threatened levy was an outgrowth of an entirely unrelated matter. With respect to his failure to transmit the settlement proceeds to his client, respondent

states that his office was damaged due to a fire in June 1983, leaving his books and records in a state of serious disarray. Thus, according to respondent, he did not realize that he had failed to deliver the settlement proceeds until January 1987, when Walker's mother contacted him to inquire about the status of the funds. With respect to his failure to deposit the settlement proceeds into a separate account in the name of Walker and her mother as ordered by Supreme Court, respondent offered no reason or excuse for his conduct.

Because respondent does not challenge the factual allegations set forth in the petition, petitioner's motion to confirm the report of the Referee is granted. With respect to respondent's claim that he is not guilty of misconduct regarding the charge that his escrow account balance was insufficient on several occasions, we note that a "conversion is complete when the account in which the client's funds are deposited is overdrawn or when the balance of the account is less than the client's interest in it" *(Matter of Iversen,* 51 AD2d 422, 423). The conversion is not excused because there was no intentional misappropriation *(supra,* at 422-423; *see, Matter of Harris,* 124 AD2d 126, 128; *Matter of Frankel,* 123 AD2d 468, 469; *Matter of Rogers,* 94 AD2d 121, 122). The explanation advanced by respondent with respect to his conduct in connection with the handling of the Walker settlement funds are more appropriately considered by this court on the issue of the sanction to be imposed.

Concerning the measure of discipline, we note that respondent's excuses for his conduct are not supported by the record created before the Referee. For example, despite respondent's assertion that the June 1983 fire impeded his realization that he had never disbursed the settlement proceeds from his escrow account, Walker's file, which was introduced into evidence at the hearing before the Referee, showed absolutely no sign of fire or water damage. In addition, although respondent claimed to have received letters from the IRS threatening a levy on his escrow account, thus prompting him to remove the funds from the account, he did not know when he received these letters and could not produce copies.

We do note that respondent promptly paid the settlement funds, with interest, to Walker's mother once she contacted him. Thus, it does not appear Walker was financially injured as a result of respondent's actions. Moreover, while we take into consideration the fact that the charges against respondent appear to stem from his negligence and his virtually nonexistent system of recordkeeping rather than from any

dishonest motive, we take a dim view of respondent's loose handling of the settlement proceeds in this case, which belonged to his client and not to respondent. We also take into consideration respondent's prior disciplinary record which includes not only a letter of caution in 1981 and an admonition in 1982, but also a censure by this court in November 1983 involving neglect of a client matter *(Matter of Swyer,* 97 AD2d 877). In view of such ample previous warning concerning his professional conduct, and under all of the circumstances presented herein, we are of the view that respondent should be suspended from the practice of law for a period of six months.

Motion to confirm Referee's report granted; respondent suspended from the practice of law for a period of six months, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.