■ In the Matter of DAVID H. SWYER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is an Albany attorney admitted to practice by this court in 1977. He was suspended by this court for a period of six months effective December 30, 1988 *(Matter of Swyer,* 143 AD2d 462). Respondent's application for reinstatement to practice was deferred pending disposition of the instant charges of professional misconduct.

Petitioner Committee on Professional Standards has filed a petition of charges and specifications against respondent accusing him of having attempted to induce a witness not to appear at a parole revocation hearing and of interfering with

an investigation by the Committee. On February 28, 1990, we granted a motion by petitioner for an order declaring that no factual issues were raised by the pleadings (22 NYCRR 806.5); respondent appeared by counsel and was heard in mitigation on April 12, 1990.

With respect to charge I, respondent admits the factual specification which recites his attempt to induce a witness, Sheila Giggetts, to ignore a subpoena requiring her appearance at a parole revocation hearing in January 1987 at which respondent was representing her boyfriend, Izel Dickerson. Respondent told Giggetts that if she did not appear, he would reimburse her for the possible $50 fine and provide her with five years' free legal service. In mitigation, respondent cites the considerable emotional stress he was under at the time which was caused by the recent death of his mother and by a scheme hatched by the ex-husband of respondent's girlfriend to either implicate respondent and his girlfriend in criminal cocaine violations or do them physical harm. Dickerson had been recruited by the ex-husband in this scheme but was acting as a police informant in the matter. Because the basis for Dickerson's parole revocation hearing consisted of allegations by Giggetts and because of Dickerson's role as an informant, respondent was apparently attempting to both assist his client Dickerson and to facilitate Dickerson's continuance on parole thereby helping to thwart the ex-husband's scheme. While we have considered in mitigation the emotional stress and fear respondent was experiencing, and note that the existence of these factors was validated by two mental health professionals who examined respondent, we conclude that his attempt to improperly induce Giggetts not to testify pursuant to a subpoena nevertheless constituted serious professional misconduct.

The second charge against respondent accuses him of interfering with the Committee's investigation of an inquiry filed by the Division of Parole concerning respondent's attempt to induce Giggetts not to testify. On October 3, 1989, respondent appeared at a hearing conducted by the Committee concerning respondent's application for reinstatement and the Division of Parole inquiry. After the hearing, respondent admittedly had a number of contacts with Dickerson and Giggetts, who were at that time being interviewed by a Committee investigator concerning the witness-tampering matter. At one point, respondent provided Dickerson with a tape recorder which was used to surreptitiously record a conversation with the investigator. We conclude that such contacts constituted at best the

appearance of impropriety and at worst an attempt to influence witnesses and impede an investigation being carried out by the Committee. Such actions by an attorney clearly constitute professional misconduct.

We have considered a number of factors in determining an appropriate disciplinary sanction for respondent's professional misconduct. First, there is no question he engaged in serious misconduct by attempting to induce a witness not to testify and through his contacts with individuals being interviewed by the Committee during the course of an investigation. In addition, we note respondent's ample disciplinary record including the six-month suspension levied in 1988 for allowing an escrow account to fall below the required amount (see, Matter of Swyer, supra), a November 1983 censure for neglect of a client matter (Matter of Swyer, 97 AD2d 877), an admonition in 1982, and a letter of caution in 1981. On the other hand, as previously noted, we have considered respondent's emotional stresses and fears which surrounded the initial incident involving Giggetts and also observe that he has remained suspended from practice since December 1988.

We therefore conclude that respondent should be suspended from the practice of law for a period of one year, nunc pro tunc as of June 30, 1989, which was the expiration date of the six-month suspension previously imposed. Upon the expiration of the instant period of suspension, respondent may renew his application for reinstatement upon notice to petitioner.

Respondent suspended from the practice of law for a period of one year, nunc pro tunc as of June 30, 1989, and until further order of this court. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.