OPINION OF THE COURT
Per Curiam.
Respondent attorney was suspended from the practice of law pending final disposition of charges that he had mishandled clients’ funds. The issue in this appeal is whether the Appellate Division order of suspension complied with the requirements of Matter of Padilla (67 NY2d 440).
*523 In the fall of 1989, in response to a client complaint, the Grievance Committee for the Second and Eleventh Judicial Districts initiated an inquiry into respondent’s handling of his client bank accounts. The inquiry, which included an inspection of certain bank records furnished by respondent, revealed a number of unexplained withdrawals from several escrow accounts containing client and estate funds. This discovery prompted the Committee to direct respondent to appear and to give testimony regarding his "apparent conversion” of clients’ funds.
After learning that the Committee intended to use any admissions he might make against him, respondent declined to appear in person and elected instead to submit an affirmation in which he "categorically denied” that he had engaged in conduct "involving 'fraud, deceit or misrepresentation.’ ” With regard to any specific questions about his handling of client funds, respondent affirmed that he had "no alternative but to exercise [his] constitutional right against self-incrimination.”
Following the submission of this affirmation, the Committee moved by order to show cause for authorization to commence formal disciplinary proceedings against respondent. The Committee also sought an order suspending respondent during the pendency of the proceedings on the grounds that there was "uncontroverted evidence of his professional misconduct” and that respondent was "guilty of professional misconduct immediately threatening the public interest.” Submitted in support of this request for relief were the bank statements the Committee had inspected, as well as other documentary evidence demonstrating respondent’s unexplained use of client funds. Also submitted was a copy of the Committee’s proposed petition, which alleged that respondent had violated Code of Professional Responsibility DR 9-102 and DR 1-102 (A) (1), (4) and (7). Once again, respondent’s only reply was that he had not engaged in "any intentional or wilful misconduct.”
By order dated October 31, 1991, the Appellate Division granted the Committee’s motion and ordered respondent temporarily suspended immediately. The court also authorized the initiation of formal disciplinary proceedings, referring the matter to a Special Referee and directing service of the Committee’s petition within 90 days. The order, however, did not include any other provisions regarding the timing of either the hearing or the final disposition of the charges *524 against respondent. Significantly, the court did not set forth the reasons for its decision to suspend respondent. On respondent’s subsequent application, this Court granted him leave to appeal to the Court of Appeals. We now conclude that the Appellate Division order of temporary suspension cannot stand.
In Matter of Padilla (supra, at 448-449), we held that in certain narrow circumstances the Appellate Division has the power to suspend attorneys charged with misconduct even though the disciplinary proceedings against them remain pending. Specifically, we held that interim suspensions are permissible where the misconduct in question poses an immediate threat to the public interest and is clearly established either by the attorney’s own admissions or by other uncontroverted evidence (id.). We further stated in Padilla that when the Appellate Division decides to issue an interim suspension order, it should articulate the reasons for its decision. While the failure to articulate the basis of an interim suspension decision may not be fatal in all cases, it is a defect that cannot be overlooked where the papers on which the decision was based leave room for doubt or ambiguity (see, id.).
Here, respondent had made no admissions. In fact, he affirmatively denied any "intentional or wilful” misconduct. While that denial may not have been sufficient to controvert charges that he had violated DR 9-102, which concerns attorneys’ fiduciary and record-keeping responsibilities (see, Matter of Harris, 124 AD2d 126; Matter of Iversen, 51 AD2d 422), it did give rise to a question as to whether respondent violated DR 1-102 (A) (4), which was cited by the Committee and has been held to require a showing of intent to defraud, deceive or misrepresent (Matter of Altomerianos, 160 AD2d 96). Accordingly, it cannot be said that the Committee’s charges of misconduct were completely "uncontroverted.”
Further, because the Appellate Division did not state the reason for its interim suspension order, there is no way of knowing whether its decision was predicated on the uncontroverted allegations that DR 9-102 had been violated or was instead premised on the claimed violation of DR 1-102 (A) (4), as to which there was considerable dispute. Thus, we cannot now determine whether the suspension order was issued in compliance with Matter of Padilla (supra).
Because it is impossible to determine whether the Appellate Division acted within the guidelines set forth in Padilla, *525 we conclude that the court’s temporary suspension order must be reversed and the matter remitted to that court for further proceedings consistent with this opinion. In view of this disposition, we do not reach respondent’s alternative argument that the Appellate Division’s interim suspension order was improper because no provision was made for a reasonably prompt postsuspension hearing. However, inasmuch as the matter is to be remitted, it is worthwhile to note that neither the Appellate Division rules governing interim suspensions (22 NYCRR 603.4 [e]; 691.4 [l]; 806.4 [f\; 1022.19 [f]) nor the specific order issued in this case provide for a prompt postsuspension hearing. Some action to correct this omission seems warranted (see, Barry v Barchi, 443 US 55, 66-68; Gershenfeld v Justices of Supreme Ct., 641 F Supp 1419).
Accordingly, the order of the Appellate Division should be modified, without costs, by vacating so much of the order as suspended respondent from the practice of law pending the outcome of disciplinary proceedings, and the matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.
Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Yesawich, Jr.,* concur in Per Curiam opinion; Judge Simons taking no part.
Order modified, without costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.

 Designated pursuant to NY Constitution, article VI, § 2.