**WAITE HILL SERVICES, INC.,** Waite Hill Insurance Group, Colony Insurance Company, Burns & Wilcox, Ltd., and Burns & Wilcox of Texas, Inc., d/b/a/ Burns & Wilcox, Ltd., Appellants,

v.

**WORLD CLASS METAL WORKS, INC.,** d/b/a HEB Chrome Plating, Appellee.

No. 2–96–075–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 21, 1996.

Rehearing Overruled Dec. 19, 1996.

J. Robert Miller, Julie H. Brown, M. Jason Ankele, Miller & Brown, L.L.P., Dallas, for Appellants.

Joe D. Tolbert, Andrew D. Sims, Harris, Finley & Bogle, P.C., Fort Worth, for Appellee.

Before CAYCE, C.J., and BRIGHAM and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Colony Insurance Company denied the claim of its insured, World Class Metal Works, Inc., for property damage from unknown causes. World Class sued Colony and related insurance agents, alleging breach of contract, deceptive trade practices, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. The insurer and its agents appeal from a jury trial that resulted in judgment for World Class. We affirm.

### Untimely Affirmative Defense

A principal question in this appeal is whether it was mandatory for the trial court to grant the defendants leave to supplement their answers when they waited until after the opening statements to the jury before presenting supplemental answers raising, for

the first time, the affirmative defense that the loss sued upon is one that the insurance policy provisions expressly exclude from coverage. The short answer is that leave of court was not mandated because filing the supplemental answer under those circumstances would not be timely on the facts of this case.

Normally, a party may amend or supplement his pleadings at any time up to seven days before trial. Tex.R.Civ.P. 63. Within seven days of the date of trial or thereafter, a party may not amend or supplement without leave of court. *Id.* By the first three points of error, the appellants challenge the trial court's denial of leave to file the proposed supplemental answers or to permit a trial amendment after all parties had made their opening statements to the jury. The appellants complain that the rulings were either error, an abuse of discretion, or entitled the appellants to have their motion for new trial granted. We are not persuaded.

■ Appellants contend that World Class did not meet its threshold burden of showing that the content of the proposed supplemental answers presented a surprise to World Class or would prejudice World Class in maintaining its action upon the merits. *See* Tex.R.Civ.P. 63, 66. Two Texas Supreme Court opinions cited by the appellants reinforce the general principle that a trial court has no discretion to refuse a defendant's request to amend or supplement its answer unless: (1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment or supplement asserts a new defense, and is thus prejudicial on its face, and the opposing party objects to the amendment. *See State Bar of Texas v. Kilpatrick,* 874 S.W.2d 656, 658 (Tex.1994), *cert. denied,* 512 U.S. 1236, 114 S.Ct. 2740, 129 L.Ed.2d 860 (1994); *Greenhalgh v. Service Lloyds Ins. Co.,* 787 S.W.2d 938, 939 (Tex.1990).

■ Another well established principle, however, is more germane to the facts of this case: a trial court does not abuse its discretion in refusing to allow an amendment when the record shows a lack of diligence by the party wishing to amend or supplement after the seven-day barrier of Rule 63 and where

the belated pleading contains matters that are not newly discovered facts but appear to have been known to the pleader and readily available for earlier pleading had due diligence been used. *AmSav Group, Inc. v. American Sav. & Loan Ass'n of Brazoria County,* 796 S.W.2d 482, 490 (Tex.App.— Houston [14th Dist.] 1990, writ denied); *Ohio Medical Products, Inc. v. Suber,* 758 S.W.2d 870, 872 (Tex.App.—Houston [14th Dist.] 1988, writ denied); *Merit Drilling Co. v. Honish,* 715 S.W.2d 87, 91 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Valdez v. Lyman–Roberts Hosp., Inc.,* 638 S.W.2d 111, 117 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

Because World Class brought suit on an insurance policy, the trial court not only had to consider whether the supplemental answers should be allowed under rules 63 and 66, but also had to respect the following rule:

> · Where the suit is on an insurance contract ... the insurer [will not] be allowed to raise [a defense that the loss was due to a risk specifically excepted by the terms of the contract] unless [the insurer] *shall specifically allege that the loss was due to a risk or cause coming within a particular exception* [written in the contract] ...

Tex.R.Civ.P. 94 (emphasis added). This rule's purpose in requiring affirmative defenses to be pled is to give the opposing party notice of the defensive issues to be tried. *Hunter v. Carter,* 476 S.W.2d 41, 45 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

We are mindful that an important purpose of written pleadings in the trial courts of this state is to give each litigant fair notice of the plaintiff's cause of action and the defendant's grounds of defense before trial begins. Tex. R.Civ.P. 45. As one court colorfully stated, the purpose of pleadings is to put one's opponent on notice of the parameters of the forthcoming battle. *Sherrod v. Bailey,* 580 S.W.2d 24, 25 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). If the presiding judge at a trial is to properly apply the law to the pleadings and the evidence, it is important for that judge to know the content of the pleadings on which the case is tried.

*See Texas State Bd. of Dental Examiners v. Fieldsmith,* 242 S.W.2d 213, 215 (Tex.Civ. App.—Dallas 1951, writ ref'd n.r.e.). Accordingly, a trial court may take judicial notice of the pleadings on which the parties have begun their trial and may do so whether requested or not. *See* TEX.R.CIV.EVID. 201.

When the attorney representing the insurer and agents asked for leave to file supplemental answers, he admitted their previous knowledge of the exception wording of the insurance contract. He told the trial court that they had noted the policy exception in the original claim-denial letter to World Class and that the exception was also a subject of pretrial discovery. Despite having that knowledge from the start of the dispute, they had never pled the contractual exception in their answers as an affirmative defense required by Rule 94. To uphold their argument would enable them to flaunt Rule 94 and transfer the adverse consequences of noncompliance from themselves to the opposing party who prepared for trial in good faith reliance on the pleadings that existed when trial began.

■ The attorney representing World Class complained in the trial court that because he had prepared for and had begun the trial on the existing pleadings, World Class would be "severely" prejudiced if the insurer and its agents were given leave, after the opening statements to the jury, to supplement their answers with a previously unpled affirmative defense. From the face of each supplemental answer, the trial court was entitled to conclude that each of the supplements was calculated to surprise World Class, to reshape the grounds of the defense in a manner that was not timely under rules 63, 66 and 94, and to prejudice the cause of action asserted by World Class. Because of that, the trial court did not err or abuse its discretion in denying leave to file the untimely supplemental answers. *See Hardin v. Hardin,* 597 S.W.2d 347, 349 (Tex.1980); *Missouri Pacific R.R. Co. v. Buenrostro,* 853 S.W.2d 66, 71 (Tex.App.—San Antonio 1993, writ denied). Points of error one, two, and three are overruled.

## Damages Election Unnecessary

■ Under their fourth point of error, appellants contend that the conduct for which World Class sued Colony Insurance Company was only a single act even though the suit alleges that the act is compensable under multiple theories of liability. Appellants argue that unless World Class is required to elect either the money damages found by the jury in answering question 1 or the total dollar amounts of damages found by the jury's answers to the three subparts of question 6, World Class will have a double recovery for a single act. World Class replies that because its causes of action asked about in jury questions 1 and 6 were not alternative but sought recovery separately for breach of contract (question 1) and also for tort claims (question 6), and because the jury found damages on each theory, an election is not required and World Class is entitled to recover on both causes of action.

World Class filed suit in April 1993 and eventually went to trial on its second amended petition, which alleges a cause of action for breach of contract. A breach of contract is not a violation of the Deceptive Trade Practices—Consumer Protection Act. TEX. BUS. & COM.CODE ANN. § 17.41–.63 (Vernon 1987 & Supp.1996) (DTPA); *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 565 (Tex.1984). Separately, the second amended petition alleges causes of action for deceptive trade practices based on conduct prohibited by the "laundry list" of TEX.BUS. & COM.CODE ANN. § 17.46(b) (Vernon 1987) and characterizes that conduct as "unconscionable." *See* TEX.BUS. & COM.CODE ANN. § 17.50(a)(3) (Vernon 1987). The second amended petition also alleges violations of TEX.INS.CODE ANN. arts. 21.21, 21.21–2 (Vernon 1981 & Supp.1996) and related rules or regulations of the State Board of Insurance, and breach of the duty of good faith and fair dealing while investigating and processing the insurance claim.

The DTPA does not instruct the courts whether to apply traditional contract measures or whether to apply tort measures of damages to the statutory causes of action found on the laundry list, although a listed act of misconduct may have features of tort,

or breach of contract, or both. When the causes of action asserted by World Class arose, TEX.BUS. & COM.CODE ANN. § 17.50 (Vernon Supp.1991) simply provided that a consumer who prevails in a suit based on the DTPA may obtain "the amount of actual damages found by the trier of fact" (now amended to read: "the amount of economic damages found by the trier of fact"). Act of May 22, 1989, 71st Leg., ch. 380, § 2, 1989 Tex.Gen. Laws 1491 (amended 1995).

That amount has been construed to mean those damages that are recoverable at common law. *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 939 (Tex.1980), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). Historically, the purpose of damages for breach of contract has been to put a plaintiff monetarily in the position he would have had if the contract had been performed. *Chrysler Corp. v. Schuenemann,* 618 S.W.2d 799, 805 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). The traditional purpose of damages for tortious conduct is to compensate a plaintiff for pecuniary loss caused by tortious injury and to award money as a measure of restoring the plaintiff, to the extent possible, to the position he had before the injury. *John Hancock Mutual Life Ins. Co. v. Howard,* 85 S.W.2d 986, 989 (Tex.Civ.App.—Waco 1935, writ ref'd).

■ The Texas Supreme Court has acknowledged that plaintiffs in DTPA cases may sue on alternative theories for damages and, if successful, elect whichever gives the greatest recovery. *See Leyendecker & Assocs., Inc. v. Wechter,* 683 S.W.2d 369, 373 (Tex.1984). When a prevailing party fails to elect between alternative measures of damages, the trial court may utilize the finding affording the prevailing party the greater recovery and render judgment accordingly. *Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361, 367 (Tex.1987). If the trial court fails to do that, the appellate court may reform the trial court's judgment to effect such an election. *Star Houston, Inc. v. Shevack,* 886 S.W.2d 414, 423 (Tex.App.—Houston [1st Dist.] 1994), *writ denied per curiam,* 907 S.W.2d 452 (Tex.1995).

In the charge, the trial court instructed the jury that:

[W]ith regard to the making, processing, handling, acceptance, approval or denial of any claim by World Class Metal Works, Inc., any acts by Fred Ogier, David Ingram, Burns & Wilcox, Ltd., or Burns & Wilcox of Texas, Inc., d/b/a Burns & Wilcox, Ltd. were done on behalf of, and as agents for, Colony Insurance Company.

Appellants contend that the damages the jury awarded for DTPA violations were the same damages that were awarded for breach of contract. In connection with question 1, the breach of contract claim, the jury was instructed "that World Class Metal Works, Inc.'s amount of loss, if any, is covered under the policy." Without stating any elements of damages for the jury to consider, question 1 of the charge asked, "[w]hat is the amount of loss, if any, payable to World Class Metal Works, Inc. under the policy?" The jury answered "$55,000".

Next, the jury's answers to questions in the court's charge found that the following conduct by Colony Insurance Company was a producing cause of damages to World Class: (question 2) false, misleading, or deceptive acts or practices; (question 3) unconscionable acts; (question 4) unfair or deceptive acts or practices; and (question 5) failure to comply with the duty of good faith and fair dealing. Relative to its findings in questions 2, 3, 4, and 5, question 6 asked the jury "[w]hat is the amount of money, if any, that is due to World Class Metal Works, Inc. from Colony Insurance Company?" In answering that question, the jury was instructed to consider only these elements:

a. The reasonable and necessary cost to repair World Class Metal Works, Inc.'s plating tank and to restore the plating line to production.

b. World Class Metal Works, Inc.'s lost profits.

c. The reasonable and necessary cost to replace lost solutions.

The jury's answer to question 6 totaled $55,-000 (a. $29,000; b. $14,000; c. $12,000).

■ Appellants complain that the three elements the court listed under question 6

were the same (and only) elements that "could have" been listed under question 1. However, no elements were listed under question 1, and at the charge conference appellants did not object to the absence of any elements or to the lack of a limiting instruction about damages. Where a trial court fails to include instructions on the proper measure of damages, it is the complaining party's burden to object to the charge and to tender a substantially correct instruction. TEX.R.CIV.P. 278; *National Fire Ins. Co. of Pittsburgh, Pa. v. Valero Energy Corp.*, 777 S.W.2d 501, 508 (Tex. App.—Corpus Christi 1989, writ denied). Failure to comply with rule 278 waives the complaint. TEX.R.CIV.P. 279. When the submission of damages questions is conditioned erroneously on liability findings, as long as they produce answers that clearly indicate the jury's intent to find separate damages for both DTPA violations and a different cause of action such as breach of contract, the trial court judgment will be upheld. *Shell Oil Co. v. Chapman*, 682 S.W.2d 257, 259 (Tex.1984). The fourth point of error is overruled.

### Comparative Negligence/Bad Faith

■ The fifth point of error is that the trial court abused its discretion by refusing appellants' requested issues and instructions on the comparative negligence and comparative bad faith of World Class.

■ Texas has not recognized a principle of law known as "comparative bad faith," and we decline to do so now. *See Texas Farmers Ins. Co. v. Soriano*, 844 S.W.2d 808, 815 n. 5 (Tex.App.—San Antonio 1992, *rev'd on other grounds*, 881 S.W.2d 312 (Tex.1994)). "Negligence" is the failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. *Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841, 845–46 (Tex.App.—San Antonio 1989, writ denied). The second amended petition on which the case was tried does not assert negligence claims against appellants,

so an instruction on comparative negligence was not appropriate.

When World Class filed this suit in 1993, common-law defenses such as contributory negligence could not defeat recovery on causes of action asserted under the DTPA or Texas Insurance Code. *Frank B. Hall & Co. v. Beach, Inc.*, 733 S.W.2d 251, 264 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.) (citing *Smith v. Baldwin*, 611 S.W.2d 611 (Tex.1980) (DTPA suits)). At the same time, the comparative liability statute expressly exempted from its scope actions brought under the DTPA (unless specifically authorized in DTPA § 17.50) and actions brought under chapter 21 of the Texas Insurance Code. *See* TEX.CIV.PRAC.REM.CODE ANN. § 33.002 (Vernon Supp.1991); Act of May 22, 1989, 71st Leg., ch. 380, § 4, 1989 Tex. Gen. Laws 1492 (amended 1995). Effective September 1, 1995, an amendment to section 33.002 made the comparative liability statute available in an action brought under the DTPA, but not in a cause of action, like that of World Class, that accrued before September 1, 1995 and on which suit was filed before September 1, 1996. *See* Act of May 17, 1995, 74th Leg., ch. 414, §§ 17, 20, 1995 Tex. Gen. Laws 3003–04, eff. Sept. 1, 1995 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 33.002 (Vernon Supp.1995)).

The fifth point of error is overruled and the judgment of the trial court is affirmed.