**WAITE HILL SERVICES, INC., Waite Hill Insurance Group, Colony Insurance Company, Burns & Wilcox, Ltd., and Burns & Wilcox of Texas, Inc., d/b/a Burns & Wilcox, Ltd., Petitioners,**

v.

**WORLD CLASS METAL WORKS, INC., d/b/a HEB Chrome Plating, Respondent.**

No. 97–0092.

Supreme Court of Texas.

Jan. 16, 1998.

Julie H. Brown, Matthew Jason Ankele, J. Robert Miller, Jr., Dallas, for Petitioners.

Russell R. Barton, Joe D. Tolbert, Andrew D. Sims, Fort Worth, for Respondent.

## OPINION

PER CURIAM.

World Class Metal Works, Inc. d/b/a HEB Chrome Plating sued Colony Insurance Company and related insurance agents, claiming breach of contract, Insurance Code violations, breach of the duty of good faith and fair dealing, and deceptive trade practices. The trial court directed a verdict for World Class on the coverage issue under the policy. The jury found that Colony engaged in false, misleading, or deceptive acts or practices and failed to comply with the duty of good faith and fair dealing. The jury awarded damages in response to two jury questions.

The defendants contend that the damages award based on both jury findings is a double recovery, and the trial court should have required the plaintiff to elect its remedy. The court of appeals affirmed the trial court's judgment, 935 S.W.2d 197, primarily on the grounds that the defendants waived error by not objecting to the charge in the trial court. We hold that defendants preserved error and that the trial court awarded a double recovery. Accordingly, we reverse the court of appeals' judgment and remand to the trial court to render judgment consistent with this opinion.

World Class chrome-plates truck hitches and muffler tips. Colony issued World Class a commercial general liability, commercial property, and commercial inland marine policy. In July 1990, a hole appeared in one of World Class's nickel-plating tanks, causing some nickel solution to spill out of the tank. World Class did not know what caused the hole, but it stopped work on its assembly line. A World Class employee contacted David Ingram, its insurance agent, to report the incident. Ingram contacted Vee Riley,

an employee of Burns & Wilcox, to determine if the event was covered.[1] Riley advised Ingram that the event was probably not covered if normal wear and tear caused the hole. Ingram so informed World Class.

World Class drained and salvaged the remaining solution, removed the existing tank liner and installed a new liner, repaired the hole in the tank's exterior, and engaged in clean-up efforts. These repairs allegedly cost World Class thirty days of operation.

Several months later a Colony adjuster investigating an unrelated claim suggested to World Class that the July loss should have been covered. World Class sent a claim to Colony, requesting payment under the policy. The claims examiner, Al Johnston of Waite Hill Insurance Group, denied coverage for the claim.

The jury awarded identical damages in response to the following two questions; one question apparently inquired about damages on the insurance policy and the other ostensibly inquired about tort and statutory damages.

### QUESTION 1

What is the amount of loss, if any, payable to World Class Metal Works, Inc. under the policy?

Answer in dollars and cents: $ 55,000

### QUESTION 6

What is the amount of money, if any, that is due to World Class Metal Works, Inc. from Colony Insurance Company?

Consider the following elements of damages, if any, and none other.

Do not add any amount for interest on past damages, if any.

a. The reasonable and necessary cost to repair World Class Metal Works, Inc.'s plating tank and to restore the plating lines to production.

Answer in dollars and cents, if any: $ 29,000

b. World Class Metal Works Inc.'s lost profits.

Answer in dollars and cents, if any: $ 14,000

c. The reasonable and necessary cost to replace lost solutions.

Answer in dollars and cents, if any: $ 12,000

Question one was based on the trial court's directed verdict on coverage under the policy. Question six was conditioned on affirmative findings by the jury on World Class's DTPA, Insurance Code, and good faith and fair dealing claims. The trial court rendered judgment for $110,000 in actual damages, together with attorneys' fees and costs. Colony appealed, claiming that the trial court's judgment awarded a double recovery. The court of appeals affirmed, holding that Colony waived its double recovery argument because it did not tender a substantially correct limiting instruction on the contract damages question submitted to the jury. Colony applied to this Court for writ of error.

We reverse the judgment of the court of appeals. Colony was not required to object to the submission of more than one acceptable measure of damages to preserve error on the issue of actual damages double recovery. A party is generally entitled to sue and to seek damages on alternative theories, so such an objection would have been improper. See *Birchfield v. Texarkana Mem. Hosp.*, 747 S.W.2d 361, 367 (Tex.1987). A party is not entitled to a double recovery and Colony properly requested, before judgment, that the trial court require World Class to elect its remedy. Thus, Colony preserved its complaint for appellate review.

A double recovery exists when a plaintiff obtains more than one recovery for the same injury. See *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex.1991). While the jury in this case made separate findings of actual damages on the coverage claim and the DTPA, tort, and Insurance Code violation theories, those findings were conclusively for the same loss. The damages awarded World Class on its coverage claim could only have been for the money it was

---

1. Ingram procured World Class's insurance policy through a brokerage arrangement with Burns & Wilcox, a managing general agent of Colony.

due under its policy. Yet, the specific damages elements listed under Question 6 are the same damages covered under the policy: repair and restoration of property, lost profits, and replacement of lost solutions. These were contract, as well as tort damages, and the jury awarded the identical amount in response to both damages questions. "Appellate courts have applied the one satisfaction rule when the defendants commit the same act as well as when the defendants commit technically differing acts which result in a single injury." *Stewart Title*, 822 S.W.2d at 7. World Class was injured by having to pay out-of-pocket for the repair costs that the policy covered. World Class may have suffered some tort losses, distinct from its claims on the policy. However, World Class offered no evidence, nor, as evidenced by Question 6, submitted a request for distinct tort losses. Thus, the trial court erred when it refused Colony's request that World Class elect a remedy. *See Kish v. Van Note*, 692 S.W.2d 463, 466–67 (Tex.1985).

Accordingly, we grant the writ of error and, without hearing oral argument, reverse the court of appeals' judgment and remand the cause to the trial court to render judgment consistent with this opinion. *See* TEX. R.APP. P. 59.1.