NO. 07-01-0277-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 29, 2002



______________________________




CAMILO LUJAN, APPELLANT



V.



LORENA VILLA, GINA MARIE CASTILLO AND JUANA CASTILLO, APPELLEES




_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-559,550; HONORABLE MACKEY HANCOCK, JUDGE



_______________________________




Before QUINN and REAVIS and JOHNSON, JJ.



 Following a non-jury trial, appellant Camilo Lujan, challenges a judgment that
Juana Castillo, a resident of California, recover damages in the amount of $430,000 plus
interest and other damages and relief from Lujan, which litigation arose out of Lujan's sale
of five apartment units in Lubbock, Texas to Castillo. (1) By five issues, Lujan contends the
evidence is legally and factually insufficient to support 1) the judgment against him for
common law and statutory fraud, 2) the amount of the judgment against him for common
law and statutory fraud, 3) the judgment against him for breach of special warranty deeds,
4) the amount of the judgment against him for breach of special warranty deeds, and 5) the
award of $250,000 exemplary damages. Based on the rationale expressed herein, we
affirm.

 During the three day non-jury trial, Lujan, a resident of Whittier, California, testified
on his own behalf, and eight witnesses were called by Castillo, who also introduced 128
exhibits, i.e., contracts, deeds, deeds of trust, other documents, and photographs. The
reporter's record consists of approximately 1300 pages. (2) Upon conclusion, the trial court
found: 1) Lujan made six fraudulent representations to Castillo that induced her to
purchase the units to her detriment of $635,000; 2) Lujan breached the special warranty
deeds because liens created by Lujan still existed at the time of conveyance and were
never excluded from the warranty; 3) Lujan made misrepresentations to Castillo willfully,
with malice, and in reckless disregard of her rights, which justified the award of $250,000
exemplary damages; and 4) appropriate findings regarding attorney's fees, and judgment
was rendered in accordance with the findings. The trial court signed its judgment on April
10, 2001, and on May 14, 2001, pursuant to a request for findings of fact and conclusions
of law, made 45 findings of fact, at least three of which were mixed questions of law and
fact, and 16 conclusions of law. However, Lujan does not specifically mention or otherwise
challenge any finding of fact in the five issues. We cannot reverse a trial court's judgment
on the basis of unassigned error. Pat Baker Co., Inc. v. Wilson, 971 S.W.2d 447, 450
(Tex. 1998). Therefore, we must first determine which, if any, of the sufficiency of the
evidence issues are properly raised by Lujan and which, if any, findings of the trial court
are binding on this Court because they are not properly challenged.

 Findings of fact in a bench trial have the same force as a jury's verdict upon jury
questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, the findings of fact are not
conclusive when a complete statement of facts appears in the record, if the contrary is
established as a matter of law, or if there is no evidence to support the findings. Middleton
v. Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), writ
ref'd n.r.e., 699 S.W.2d 199 (Tex. 1985) (per curiam). The findings of fact are reviewable
for factual and legal sufficiency under the same standards that are applied in reviewing
evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App.--Houston [14th Dist.] 1990, no writ); see also W. Wendell Hall, Revisiting Standards of
Review in Civil Appeals, 24 St. Mary's L.J. 1045, 1145 (1993).

 Further, where an appellant challenges both legal and factual sufficiency of the
evidence, the appellate court should first review the legal sufficiency challenge. Glover
v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981); Koch Oil Co. v. Wilber, 895
S.W.2d 854, 862 (Tex.App.--Beaumont 1995, writ denied). If an appellant is attacking the
legal sufficiency of an adverse finding on which the appellant did not have the burden of
proof, the appellant must show on appeal that there is no evidence to support the adverse
finding. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). The reviewing court
considers the evidence in the light most favorable to the finding to determine if there is any
probative evidence or reasonable inferences therefrom, which supports the finding. 
Glover, 619 S.W.2d at 401. The court disregards all evidence and inferences to the
contrary. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992).

 Our review of trial court conclusions of law is de novo. In re Humphreys, 880
S.W.2d 402, 403 (Tex. 1994), cert. denied, 513 U.S. 964, 115 S. Ct. 427, 130 L. Ed. 2d
340 (1994). However, as noted above, although findings of fact are reviewable for legal
and factual sufficiency, an attack on the sufficiency of the evidence must be directed at
specific findings of fact rather than at the judgment as a whole. In re M.W., 959 S.W.2d
661, 664 (Tex.App.--Tyler 1997, no writ). Further, the rule has often been otherwise stated
that if the trial court's findings of fact are not challenged by a point of error on appeal, they
are binding upon the appellate court. Northwest Park Homeowners Ass'n, Inc., v.
Brundrett, 970 S.W.2d 700, 704 (Tex.App.--Amarillo 1998, pet. denied); Carter v. Carter,
736 S.W.2d 775, 777 (Tex.App.--Houston [14th Dist.] 1987, no writ). 

 In her brief, Castillo argues that a broad challenge to the sufficiency of evidence
without specifying the challenged finding of fact by the trial court preserves nothing for
review. Bransom v. Standard Hardware, Inc., 874 S.W.2d 919, 927 (Tex.App.--Fort Worth
1994, writ denied). Further, she argues that unless the issue specifically challenges a trial
court's finding, it is binding on the appellate court. Carter, 736 S.W.2d at 777. Although
Castillo raised the adequacy of Lujan's challenge in her brief, Lujan did not by reply brief
or otherwise respond to Castillo's contention that his challenge of the findings of fact was
not sufficient.

 Points of error challenging the sufficiency of the evidence following an appeal from
a jury trial are adequate where the error complained of is readily apparent from the
argument. Pool v. Ford Motor Co., 715 S.W.2d 629, 633 (Tex. 1986). Where, as here, the
appeal is taken from a non-jury trial with findings of fact and conclusions of law, supported
by a reporter's record, the better practice is to identify or designate the challenged findings
of fact by issue, sub-issue, point, or sub-point. Tex. R. App. P. 38.1(h). However, a
challenge to a designated or otherwise unidentified finding of fact may be sufficient if it is
included in the argument of the issue or point, if after giving consideration to the number
of the findings of fact, the nature of the case, and the underlying elements of the applicable
legal theories, the specific finding(s) of fact which the appellant challenges can be fairly
determined from the argument. See Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982)
(citing Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev.
361, (1960)). Holley is applicable to this case because it too was an appeal in a fraud
case where findings of fact and conclusions of law were presented.

 By his first issue, Lujan challenges the legal and factual sufficiency of the evidence
to support the judgment of common law and statutory fraud and by his third issue, he
challenges the legal and factual sufficiency of the evidence to support the judgment for
breach of special warranty deeds. However, Lujan does not designate or identify the
applicable underlying findings of fact essential to the judgment by analysis of the elements
of the cause of action or otherwise. Considering the number of the parties, that the trial
court made 45 findings of fact, the multiple causes of action presented, the variety of legal
theories involved, and the record as a whole, as presented in his brief, we conclude that
the specific findings of fact which Lujan contends are not supported by the evidence
cannot be fairly determined from his argument. Accordingly, as to issues one and three,
the findings of fact by the trial court are binding on this Court and the issues present
nothing for review. Issues one and three are overruled.

 By issues two, four, and five, Lujan questions the sufficiency of the evidence to
support the damages award; however, the issues do not require determination of
underlying facts as a predicate for the relief sought. Even though Lujan does not expressly
identify which findings he challenges, the relevant witnesses, evidence, and findings can
be determined, and therefore we will now consider issues two, four, and five.

 By his second issue, without expressly identifying finding of fact 15, Lujan contends
the evidence is legally and factually insufficient to support the amount of the judgment for
damages against him for common law and statutory fraud. He argues the evidence does
not support the award of $635,000 for fraud damages. Lujan does not cite any authority
as required by Tex. R. App. P. 38.1(h), to identify the measure of damages by which the
evidence is to be tested. Lujan simply asserts the stated sale price of the property and the
actual cost of bringing the properties up to code was equal to the property valuation
asserted by Castillo's expert. Therefore, he urges us to conclude Castillo did not suffer
any damages as a result of his fraud. We disagree.

 First, the trial court's award and the evidence must be analyzed with respect to the
proper measure of damages. Texas courts recognize two measures of damages for
misrepresentation. Leyendecker & Assocs., Inc., v. Wechter, 683 S.W.2d 369, 373 (Tex.
1984). The common law measure allows the injured party to recover the actual injury
suffered measured by the "difference between the value of that which he has parted with,
and the value of that which he has received." Id. (quoting George v. Hesse, 100 Tex. 44,
93 S.W. 107 (1906)). The second measure permits a party to recover the difference
between the value as represented and the actual value received. Id; see also Campbell
v. C.D. Payne and Geldermann Sec., Inc., 894 S.W.2d 411, 420 (Tex.App.--Amarillo 1995,
writ denied).

 Initially, we notice that appellant concedes that viewed in the light most favorable
to the verdict, the evidence shows that he represented "the properties were worth
$1,000,000." Continuing his argument, however, appellant neither acknowledges nor in
any way challenges the five written appraisals covering the properties demonstrating the
actual value at the time of the transaction to be $364,400. Thus, it is apparent that the trial
court's judgment was based on the represented value ($1,000,000), less the actual value
at the time of sale ($364,400), and thus fixed the damages at $635,000. Because
appellant does not challenge the probative nature of the evidence of the properties' fair
market value at the time of the transaction, and admits that he represented the properties
were worth $1,000,000, we conclude there is more than a scintilla of evidence to support
the $635,000 award for fraud damages, and the legal insufficiency challenge fails.

 In considering a factual sufficiency issue, we review all the evidence and reverse
only if the challenged finding is so against the great weight and preponderance of the
evidence as to be manifestly unjust. Pool, 715 S.W.2d at 635; In re King's Estate, 150
Tex. 662, 244 S.W.2d 660, 661 (Tex. 1951). However, the trier of fact is the sole judge
of the credibility of the witnesses and the weight given their testimony. Leyva v. Pacheco,
163 Tex. 638, 358 S.W.2d 547, 549 (1962). Therefore, the fact finder may believe one
witness and disbelieve another and resolve inconsistencies in testimony. McGalliard v.
Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). Considering the factual sufficiency
challenge here, we again consider appellant's concession that he represented the
properties were worth $1,000,000 and the written real estate appraisals mentioned above. 
The record also shows considerable testimony from four different witnesses describing the
condition of the properties and their need for repair to place them in a rentable condition
and comply with applicable city codes regarding fire and safety. Applying the foregoing
standard of review, we conclude the factual sufficiency challenge must also fail because
the $635,000 award for fraud damages is not so against the great weight and
preponderance of the evidence as to be manifestly unjust. Issue two is overruled.

 By his fourth issue, appellant contends the evidence is legally and factually
insufficient to support the amount of the judgment for damages against him for breach of
special warranty deeds. He argues (1) the $562,000 damages awarded for breach of
warranty were necessarily included in the award for fraud, and thereby constitute
impermissible double recovery; (2) there was no evidence in the record to show Castillo
was in any way harmed by his failure to list in the deed existing liens on the property; and 
(3) that because Castillo was not the owner of record under the deeds, she could not have
suffered damages from his breach of warranty. We disagree.

 Lujan does not support his challenge by an analysis of his perception of the
controlling measure of damages. More importantly, however, Lujan does not cite any legal
authority which he contends constitutes the controlling measure of damages. Because the
issue is not supported by citation to authorities as required by Tex. R. App. P. 38 .1(h),
these sub-issues present nothing for review. McFarland v. Sanders, 932 S.W.2d 640, 647
(Tex.App.--Tyler 1996, no writ). However, Texas law does not favor double recovery. See
Waite Hill Servs., Inc. v. World Class Metal Works, Inc., 959 S.W.2d 182, 184 (Tex. 1998). 
Accordingly, in the interest of justice we will briefly address the sub-issue regarding double
recovery.

 Appellant does not assist this Court in determining how the $562,000 damages
awarded for breach of warranty constitutes impermissible double recovery. The record
indicates five special warranty deeds conveyed the properties, warranting to defend the
property against any claim, excepting those disclosed in the deeds. However, no liens
were actually disclosed in the deed. The undisputed evidence in the record also indicates
at the time appellant conveyed the deeds, liens created through Lujan existed on the
properties in the amount of $562,000. There is nothing in the judgment to indicate that any
portion of this amount was also included in the amount of damages awarded for fraud, or
vice versa.

 By our analysis of issue two, we stated the appropriate measure of damages for
fraud, and that the fair market value of the properties was supported by the written
appraisals. A brief review of the appraisals demonstrates that contrary to Lujan's
contention, the appraiser assumed the "property is free and clear of any encumbrances"
and the definition of market value for the purposes of the appraisals did not consider
encumbrances and liens. Because these values used to compute fraud damages did not
include the dollar amount of the secured but undisclosed debt against the property, no
double recovery exists. Issue four is overruled.

 By his fifth issue, Lujan argues the evidence is legally and factually insufficient to
support the award for $250,000 exemplary damages or the award for attorney's fees,
because the judgments for fraud and breach of warranty were not supported by the
evidence. Our analysis of issues one through four pretermits analysis of issue five. Issue
five is overruled.

 Accordingly, the judgment of the trial court is affirmed.



 Don H. Reavis

 Justice



Do not publish.

1. Initially, Hildeli Gomez, plaintiff sued Lujan, as defendant, to file a California judgment against
Lujan, as defendant. After numerous amended pleadings that added parties, claims, cross-claims and third
party claims, the trial court realigned the parties for purposes of trial. Accordingly, Castillo and her daughter
and niece proceeded as plaintiffs, and Lujan, Gomez, Eddie C. Rodriguez, Hector F. Flores, Hector Javier
Flores, Salvador Quesada and Serapia Quesada, as defendants. Gomez and the Quesadas failed to appear
for trial, and after trial, judgment was rendered for plaintiffs and against defendants as realigned. Only Lujan
appeals; thus, this case and its appeal should be treated as one of Castillo versus Lujan. 
2. Lujan does not contend any error by the trial court in the admission or exclusion of evidence,
including expert testimony presented by Castillo.