Opinion issued March 16, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01173-CV




CITY OF HOUSTON, Appellant

V.

JOSE VARGAS AND MARIA VARGAS, INDIVIDUALLY AND AS HEIRS
OF JOSE VARGAS, JR., Appellees




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2003-61045




O P I N I O N

          Appellant, the City of Houston, brings an interlocutory appeal challenging the
trial court’s order that denied the City’s plea to the jurisdiction. In one issue on
appeal, the City argues that the trial court erred by denying its plea to the jurisdiction
because appellees, Jose Vargas and Maria Vargas, individually and as heirs of Jose
Vargas, Jr. (plaintiffs), did not plead specific facts that alleged a cause of action
against the City.
          We affirm.
Background
          On October 31, 2003, while Officer R.K. Butler of the Houston Police
Department was working off-duty-security at the AMC Theater Studio 30 in Houston,
Jose Vargas, Jr. drove his vehicle into the parking lot of the theater. When Vargas
later exited the theater parking lot and stopped at the intersection of Dunvale and
Westheimer, Officer Butler approached Vargas’s car with his service firearm drawn. 
After Officer Butler put his firearm through the window of Vargas’s vehicle, the gun
discharged, killing Vargas. 
          The parents of Vargas sued the theater and the Houston Police Department. 
Plaintiffs later nonsuited the police department and added the City of Houston as a
defendant. The City filed a plea to the jurisdiction that the trial court denied. The
City appeals from this order.



Standard of Review
          Subject-matter jurisdiction is essential for a court to have the authority to
resolve a case. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993). The plaintiff has the burden to plead facts affirmatively showing that the trial
court has subject-matter jurisdiction. Id. at 446. A party may challenge a court’s
subject-matter jurisdiction by filing a plea to the jurisdiction. See Tex. Dep’t of
Transp. v. Jones, 8 S.W.3d 636, 638–39 (Tex. 1999). We review the trial court’s
ruling on such a plea de novo, as a question of law. Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998). In conducting this de novo review, we do not
examine the merits of the plaintiff’s case, but consider only the plaintiff’s pleadings
and the evidence pertinent to the jurisdictional inquiry. County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002). We construe the pleadings liberally in favor of
conferring jurisdiction. Tex. Dept. of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex.
2002).
Sovereign Immunity



          Sovereign immunity protects the State, its agencies and officials, and political
subdivisions of the State from suit arising from their performance of their
governmental functions, unless immunity from suit has been waived. Fed. Sign v.
Tex. Southern Univ., 951 S.W.2d 401, 405 (Tex. 1997); San Antonio Indep. Sch. Dist.
v. McKinney, 936 S.W.2d 279, 283 (Tex. 1996). A city is a political subdivision of
the State. Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (Vernon 2005);
McKinney, 936 S.W.2d at 283. 
          The sovereign immunity of the State inures to the benefit of a municipality
insofar as the municipality engages in the exercise of governmental functions, except
when that immunity has been waived. City of Tyler v. Likes, 962 S.W.2d 489, 501
(Tex. 1997). Governmental functions are “‘public acts which the municipality
performs as the agent of the State in furtherance of general law for the interest of the
public at large.’” Truong v. City of Houston, 99 S.W.3d 204, 209 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (quoting Bailey v. City of Austin, 972
S.W.2d 180, 192 (Tex. App.—Austin 1998, pet. denied)); Tex. Civ. Prac. & Rem.
Code Ann. § 101.0215(a) (Vernon 2005) (stating that governmental functions “are
those functions that are enjoined on a municipality by law and are given it by the state
as part of the state’s sovereignty, to be exercised by the municipality in the interest
of the general public”). “[I]t is the Legislature’s sole province to waive or abrogate
sovereign immunity.” Tex. Nat. Resources Conservation Commn. v. IT-Davy, 74
S.W.3d 849, 853 (Tex. 2002) (quoting Fed. Sign, 951 S.W.2d at 409). A political
subdivision’s immunity from suit arising from the performance of a governmental
function can be waived only by legislative consent or constitutional amendment. 
Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 695 (Tex. 2003); Fed. Sign, 951
S.W.2d at 405. Such a waiver must be expressed “by clear and unambiguous
language.” Tex. Gov’t Code Ann. § 311.034 (Vernon 2005); Fed. Sign, 951 S.W.2d
at 405 (quoting Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex.
1994)). 
          Under the Texas Tort Claims Act (TTCA), the City of Houston is liable for
personal injuries “caused by a condition or use of tangible personal or real property
if the governmental unit would, were it a private person, be liable to the claimant
according to Texas law.” Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon
2005); see id. § 101.025 (Vernon 2005) (waiving governmental immunity from suit
“to the extent of liability created by this chapter”). The Supreme Court of Texas has
held that “the Tort Claims Act does not create a cause of action; it merely waives
sovereign immunity as a bar to a suit that would otherwise exist.” City of Tyler v.
Likes, 962 S.W.2d 489, 494 (Tex. 1997).
          In their fourth amended petition, the plaintiffs predicated the City’s waiver of
governmental immunity on section 101.021(2) of the TTCA. Section 101.021
provides that a governmental unit in the state is liable for:
 
                    (1)     property damage, personal injury, and death proximately
caused by the wrongful act or omission or the negligence
of an employee acting within his scope of employment if:
 
                              (A)    the property damage, personal injury, or death arises
from the operation or use of a motor-driven vehicle
or motor-driven equipment; and
 
                              (B)    the employee would be personally liable to the
claimant according to Texas law; and
 
                    (2)     personal injury and death so caused by a condition or use
of tangible personal or real property if the governmental
unit would, were it a private person, be liable to the
claimant according to Texas law. 

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A)(B), (2). 
          The City argues that plaintiffs have not sufficiently pled a cause of action
against the City because plaintiffs have not pled that Officer Butler was acting in the
scope of his employment with the City. The City contends that plaintiffs are
“attempting to avoid the consequences of a new statute Tex. Civ. Prac. & Rem.
Code Ann. § 101.106 [(Vernon 2005)] which does not allow for maintenance of a
lawsuit against the governmental unit and its employee pursuant to the Texas Tort
Claims Act.”


 
          The plaintiffs respond that they adequately pled a cause of action against the
City. In their fourth amended petition, plaintiffs state the following:
Plaintiffs allege that at all times relevant to this cause of action,
R.K. Butler was acting in furtherance of his duties as a security
guard for AMC Theaters Studio 30. Nevertheless, Plaintiffs are
also aware that the law may recognize that at the time of this
occurrence, R.K. Butler was acting as a Police Officer for the City
of Houston. In the unlikely event that R.K. Butler is determined
to have been acting as a Houston Police Officer at the time of this
incident, suit against the City of Houston is brought pursuant to
Texas Civil Practice and Remedies Code § 101.021(2), the Texas
Tort Claims Act because the death of Jose Vargas occurred as a
result of the misuse of tangible personal property, a handgun, by
Richard K. Butler. Plaintiffs will show that Richard Butler was
negligent in the manner in which he handled his weapon, a
handgun, which resulted in an accidental discharge. Plaintiffs
will further show that this defendant is not entitled to official
immunity because no reasonable peace officer would have
believed that the actions of Richard Butler were justified.
 
          The Rules of Civil Procedure allow a party to plead in the alternative. Tex. R.
Civ. P. 48; see also Waite Hill Servs., Inc. v. World Class Metal Works, Inc., 959
S.W.2d 182, 184 (Tex. 1998). After reviewing plaintiffs’ fourth amended petition
and construing it liberally, we conclude that plaintiffs pled facts sufficient to show
a cause of action against the City. Specifically, the plaintiffs pled in the alternative,
that if Officer Butler is determined to be acting as a police officer for the City at the
time of the incident, suit is against the City pursuant to section 101.021(2). 
          We overrule the City’s sole issue on appeal.
Conclusion
          We affirm the judgment of the trial court.





                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.