**Modify and affirm as modified; Opinion Filed August 5, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01114-CV

**MATTHEW D. STERN, Appellant**
**V.**
**BELLA CUSTOM HOMES, INC., Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-00079-B**

# MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

Following a bench trial, the trial court granted appellee Bella Custom Homes, Inc.'s ("BCH") motion to file a post-trial pleading amendment over the objection of appellant Matthew D. Stern. The trial court subsequently entered a final judgment in favor of BCH, which included awards of attorney's fees. In three issues, Stern asserts the trial court erred by allowing BCH to file its post-trial pleading amendment and awarding appellate attorney's fees to BCH. We modify the trial court's judgment and affirm as modified.

FACTUAL & PROCEDURAL BACKGROUND

BCH and Stern entered into a New Residential Construction Contract in which BCH agreed to construct a home for Stern. During construction, a dispute arose between the parties, and BCH terminated the contract pursuant to the contract's terms. Stern sued BCH for negligence, negligent

misrepresentation, fraud, fraud in the inducement, fraud in a real estate transaction, violations of the Texas Deceptive Trade Practices Act, conversion/unjust enrichment/constructive trust, breach of contract, and breach of express and implied warranties. BCH's original answer included a general denial and asserted that paragraph 16(P) of the contract entitled BCH to recover its reasonable and necessary attorney's fees.

In addition to its answer, BCH filed its Amended Counterclaim and Petition for Declaratory Judgment, which includes a section titled "Claim for Relief." In that section, BCH pleaded: "The Defendant and Counter-Plaintiff seeks monetary relief over $100,000 but not more than $200,000, and non-monetary relief. TEX. R. CIV. P. 47(c)(3)." In its prayer, BCH requested, among other things, "its attorneys' fees, pursuant to Sections 37.009 and 38.001(8) of the Texas Civil Practice and Remedies Code, and Section 16, Subpart P of the Contract."

BCH filed a motion for partial summary judgment on its counterclaim for declaratory judgment, which the trial court granted; the trial court held the parties' contract is valid and enforceable. The case proceeded to a bench trial on March 28, 2017, and, after Stern presented his evidence, BCH moved for directed verdict on all claims. Stern agreed to judgment in favor of BCH on the following causes of action: negligence, negligent misrepresentation, fraud in a real estate transaction, and breach of warranty. The trial court subsequently concluded BCH was entitled to judgment against Stern on all remaining causes of action.

On the issue of attorney's fees, the parties stipulated they would submit attorney fee affidavits to be treated "as if they're presented in [their] respective cases in chief." Both parties submitted affidavits with supporting documentation to the trial court. BCH's evidence shows it incurred attorney's fees of $497,773.42 from inception of the dispute through April 20, 2017. The affidavit also states BCH is entitled to an additional sum of $40,500 "in the event of any subsequent unsuccessful appeal by BCH [sic] to a Court of Appeals"; an additional sum of $20,250 "in the

event of any subsequent unsuccessful petition to the Texas Supreme Court"; and an additional sum of $20,250 "if the review is accepted but unsuccessful." Stern provided a rebuttal affidavit to show the time spent by BCH's counsel was unreasonable and also asserted BCH's live pleading limited its damages to $200,000.

On May 16, 2017, the trial court sent a letter containing its factual findings to counsel. The letter states BCH, as the prevailing party, is entitled to an award of reasonable and necessary attorney's fees, which are: $350,000 through the time of trial; $40,000 in the event Stern unsuccessfully appeals to the Court of Appeals; $20,000 "if a petition for review is filed by [Stern] but not granted by the Supreme Court of Texas"; and an additional $20,000 "if the petition for review is granted but the appeal to the Supreme Court of Texas is unsuccessful." Two weeks later, BCH filed a proposed judgment consistent with the terms of the trial court's May 16 letter. Stern objected to the proposed judgment on two grounds: (1) it would grant more relief to BCH than BCH sought in its pleadings, and (2) it provided for a double recovery.

On June 15, 2017, BCH filed a motion for leave to file an amended pleading for the purpose of conforming its pleadings to the evidence at trial. BCH sought to amend the "Claim for Relief" section of its counterclaim "to state that the claim for relief exceeds $200,000 but not more than $1,000,000." Stern filed a verified response stating the amendment would constitute surprise and prejudice. Stern stated he relied "upon the $200,000 maximum since the time that Bella pleaded that maximum on May 5, 2016. . . . Of course, it is a surprise to Stern that, after all this time, Bella wants to change its maximum sought from $200,000 to $1,000,000." Stern stated he would be prejudiced "to have planned his case on his liability being capped (by Bella's own pleadings) at $200,000 only to learn—months after trial—that his liability would instead be capped at $1,000,000."

Without conducting a hearing, the trial court granted BCH's motion for leave to file an amended pleading. The court subsequently entered a final judgment in favor of BCH. The judgment awards $350,000 in reasonable and necessary attorney's fees through trial, as well as appellate attorney's fees if Stern unsuccessfully appeals the judgment to an intermediate court of appeals or the Texas Supreme Court. This appeal followed.

LAW & ANALYSIS

In his first issue, Stern asserts the trial court abused its discretion by permitting BCH to file a post-trial pleading amendment and awarding BCH attorney's fees in excess of $200,000 because Stern was surprised and prejudiced when BCH changed its "Claim for Relief" to seek $200,000 to $1,000,000 instead of $100,000 to $200,000.

Rule 47 of the Texas Rules of Civil Procedure, titled "Claims for Relief," sets forth specific requirements for a party's "original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim." TEX. R. CIV. P. 47. Subsection (c) requires a party setting forth a claim for relief to state it seeks:

> (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees; or
> (2) monetary relief of $100,000 or less and non-monetary relief; or
> (3) monetary relief over $100,000 but not more than $200,000; or
> (4) monetary relief over $200,000 but not more than $1,000,000; and
> (5) a demand for judgment for all other relief to which the party deems himself entitled.

TEX. R. CIV. P. 47(c). BCH's Amended Counterclaim and Petition for Declaratory Judgment states: "The Defendant and Counter-Plaintiff seeks monetary relief over $100,000 but not more than $200,000, and non-monetary relief. TEX. R. CIV. P. 47(c)(3)." After the trial court sent its May 16 letter stating BCH was entitled to attorney's fees of $350,000 through the time of trial as well as additional fees if Stern unsuccessfully appealed the judgment, BCH amended its pleading

to state it sought monetary relief over $200,000 but not more than $1,000,000 and non-monetary relief  pursuant to rule 47(c)(4).

We need not decide whether the trial court erred by permitting BCH to amend its pleading because a separate, independent, unchallenged ground supports the trial court's judgment.  An appellant must attack all independent bases or grounds that fully support a complained of ruling or judgment.  *Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C*., 470 S.W.3d 636, 648 (Tex. App.—Dallas 2015, no pet.) (citing *Creech v. Columbia Med. Ctr. of Las Colinas Subsidiary, L.P*., 411 S.W.3d 1, 6 (Tex. App.—Dallas 2013, no pet.); *Oliphant Fin. L.L.C. v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.)).  If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, an appellate court must accept the validity of that unchallenged independent ground, and any errors in the grounds challenged on appeal are harmless.  *Id.* (citing *Oliphant*, 295 S.W.3d at 423–24; *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.—Dallas 2007, no pet.)).

In its answer, BCH asserted it was entitled to recover reasonable and necessary attorney's fees pursuant to the terms of the parties' contract.  Paragraph 16, subpart P of the contract includes the following provision:

> ATTORNEY FEES - The prevailing party in any court proceedings brought under or with relation to this Contract may be entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

The trial court's unchallenged findings of fact include the following: Stern failed to prove BCH breached any contract, BCH proved Stern breached the Contract, BCH is the prevailing party and is entitled to an award of attorney's fees and also a conditional award of its appellate attorney's fees; and both parties provided expert testimony that their claims were "so intertwined that it would not be possible to segregate fees associated with each of the respective claims."  We defer to a trial

court's unchallenged findings of fact supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014).

On appeal, Stern does not challenge the trial court's award of attorney's fees to BCH on the ground that BCH was the prevailing party and, pursuant to the terms of the parties' contract, was entitled to an award of fees. BCH's entitlement to its attorney's fees pursuant to the contract is separate from the claims for relief it pleaded and separate from its rule 47(c) pleading; the contract permitted BCH to recover its fees because it prevailed on Stern's claims for relief. Because the parties' contract provided the prevailing party may be entitled to recover attorney's fees from the non-prevailing party, and the trial court's unchallenged findings of fact state BCH was the prevailing party entitled to its fees which could not be segregated, we conclude this is an independent ground fully supporting the trial court's award of attorney's fees to BCH. If BCH had not pleaded any claims for relief, it still would have been able to recover its reasonable and necessary attorney's fees based on the trial court's findings. Therefore, we conclude that even if the trial court erred by granting the pleading amendment, any error is harmless because Stern failed to challenge an independent ground that fully supports the trial court's judgment. We overrule Stern's first issue.

In his second issue, Stern asserts the trial court erred by making two $20,000 awards to BCH related to any unsuccessful appeal to the Texas Supreme Court. Stern argues the judgment provides for an impermissible "double recovery" if he unsuccessfully appeals the judgment to the Texas Supreme Court. Stern only cites *Waite Hill Services v. World Class Metal Works, Inc.*, 959 S.W.2d 182 (Tex. 1998) as authority supporting his argument. There the supreme court stated: "A double recovery exists when a plaintiff obtains more than one recovery for the same injury." *Id.* at 184.

The trial court's judgment states:

> If [Stern] unsuccessfully petitions this matter for review to the Texas Supreme Court, Bella is additionally awarded from [Stern] the amount of $20,000, representing the reasonable and necessary fees and expenses that would be incurred by Bella in responding to the petition for review.
>
> If [Stern] unsuccessfully appeals to the Texas Supreme Court, Bella is additionally awarded from [Stern] the amount of $20,000, representing reasonable and necessary fees and expenses that would be incurred by Bella in responding to the appeal.

Stern asserts the judgment allows a double recovery because any appeal to the Texas Supreme Court begins with a petition and, therefore, so long as Stern unsuccessfully petitions the supreme court, he has appealed to the supreme court, and BCH would be entitled to both $20,000 awards. In his prayer, Stern asks, among other things, that we modify the language in the judgment to condition the second $20,000 award on a petition for review being granted.

A party seeking to alter the judgment of the court of appeals must file a petition for review with the supreme court. *See* TEX. R. APP. P. 53.1; *see also OIC Holdings, LLC v. Gleason*, No. 05-18-00029-CV, 2019 WL 2098616, at *6 (Tex. App.—Dallas May 14, 2019, no pet.) (mem. op.) ("An appeal to the supreme court is initiated by the filing of a petition for review."). With or without granting the petition for review, the supreme court may request the parties file briefs on the merits. *See* TEX. R. APP. P. 55.1. Whether to grant review is a matter of judicial discretion. *See* TEX. R. APP. P. 56.1.

Because filing a petition for review is the first stage of an appeal to the Texas Supreme Court, we agree with Stern that the trial court's judgment does not clearly delineate the two-stage process of an appeal to the supreme court and, therefore, could be interpreted to award a total of $40,000 to BCH if Stern files a petition for review and is unsuccessful.

This Court is empowered to modify the trial court's judgment when it has the necessary information available to do so. *See Morgan Keegan & Co., Inc. v. Purdue Ave. Inv'rs LP*, No. 05-15-00369-CV, 2016 WL 2941266, at *9 (Tex. App.—Dallas May 18, 2016, pet. denied) (mem.

–7–

op.) (citing *Mullins v. Mullins*, 202 S.W.3d 869, 878 (Tex. App.—Dallas 2006, pet. denied)); TEX. R. APP. P. 43.2(b). BCH's attorney's fee affidavit states BCH is entitled to $20,250 "in the event of any subsequent unsuccessful petition to the Texas Supreme Court" and an additional sum of $20,250 "if the review is accepted but unsuccessful." The trial court reduced these awards to $20,000 each. Because the necessary information is in the record, we modify the judgment to state:

> If Plaintiff unsuccessfully petitions this matter for review to the Texas Supreme Court, Bella is additionally awarded from Plaintiff the amount of $20,000, representing the reasonable and necessary fees and expenses that would be incurred by Bella in responding to the petition for review.
> If the Texas Supreme Court requests briefs on the merits, but Plaintiff is unsuccessful in his appeal to the Texas Supreme Court, Bella additionally is awarded the amount of $20,000 from Plaintiff, representing reasonable and necessary fees and expenses that would be incurred by Bella in preparing a response.

We sustain Stern's second issue to this extent.

In his third issue, Stern argues there is no evidence supporting the trial court's award of $40,000 to BCH in the event Stern unsuccessfully appeals to the court of appeals.[1] A legal sufficiency or "no evidence" point will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Scott Pelley P.C. v. Wynne*, No. 05-18-00550-CV, 2019 WL 2462801, at \*4 (Tex. App.—Dallas June 13, 2019, no pet.) (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Thompson & Knight LLP v. Patriot Expl., LLC*, 444 S.W.3d 157, 162 (Tex. App.—Dallas 2014, no pet.)). More than a scintilla of evidence exists when, as a whole, the evidence

---

[1] Stern's issue states there is no evidence or insufficient evidence to support the trial court's award. Stern provides no legal authority to support this argument; he does not provide any standard of review. Because Stern's prayer requests that we render judgment deleting the award of attorney's fees and without further guidance from Stern in his briefing, we construe his third issue as a legal sufficiency challenge, not a factual sufficiency one. *See Scott Pelley P.C. v. Wynne*, No. 05-18-00550-CV, 2019 WL 2462801, at \*4 (Tex. App.—Dallas June 13, 2019, no pet.).

supporting the finding "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc.*, 953 S.W.2d at 711). If the evidence is so weak as to do no more than create a mere surmise or suspicion of its existence, its legal effect is that it is no evidence. *Id.* (citing *Thompson & Knight, LLP*, 444 S.W.3d at 162). When reviewing a legal sufficiency challenge, "we must view the evidence in a light that tends to support the disputed finding and disregard evidence and inferences to the contrary." *Id.* (quoting *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003)).

> The attorney's fee affidavit from BCH's counsel states:
>
> Additionally, in the event of any subsequent unsuccessful appeal by BCH to a Court of Appeals, it is my opinion Defendant/Counter-Plaintiff is entitled to an additional sum of $40,500.00 ($450.00 per hour x 90 hours) as reasonable and necessary attorney's fees for such an appeal.

The affidavit incorrectly discusses an unsuccessful appeal by BCH, the prevailing party at trial, rather than Stern, the non-prevailing party at trial. Based on the error in the affidavit, Stern argues there is no evidence to support the award of attorney's fees to BCH in the event of an unsuccessful appeal by Stern. BCH responds this is a typographical error, and the affidavit supports its conditional appellate fees. Neither party cited any authority about whether this error makes the evidence insufficient.

"A mere typographical error in an affidavit is not a prohibited inconsistency if it does not cause confusion." *Kyani, Inc. v. HD Walz II Enterprises, Inc.*, No. 05-17-00486-CV, 2018 WL 3545072, at *5 (Tex. App.—Dallas July 24, 2018, no pet.) (mem. op.) (citing *Rogers v. RREF II CB Acquisitions, LLC*, 533 S.W.3d 419, 437 (Tex. App.—Corpus Christi 2016, no pet.)); *see also Hernandez v. Lukefahr*, 879 S.W.2d 137, 143 (Tex. App.—Houston [14th Dist.] 1994, no writ) ("A mere typographical error, when viewed in the context of the entire affidavit, is not an inconsistency if it causes no confusion."). Nothing in the record indicates the trial court was confused by the affidavit incorrectly discussing an appeal by BCH rather than Stern. Instead, the

record shows the trial court understood that Stern, as the non-prevailing party at trial, would be the party appealing its judgment, not BCH. We cannot say there is no evidence supporting the trial court's award of appellate attorney's fees to this Court as a result of this error. We overrule Stern's third issue.

## CONCLUSION

We modify language in the trial court's judgment relating to attorney's fees awarded to BCH if Stern unsuccessfully appeals this matter to the Texas Supreme Court. As modified, we affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

171114F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW D. STERN, Appellant

No. 05-17-01114-CV      V.

BELLA CUSTOM HOMES, INC.,
Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-16-00079-B.
Opinion delivered by Justice Nowell.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** the following words from the judgment of the trial court:

If Plaintiff unsuccessfully appeals to the Texas Supreme Court, Bella is additionally awarded from Plaintiff the amount of $20,000, representing reasonable and necessary fees and expenses that would be incurred by Bella in responding to the appeal.

We **ADD** the following words to the judgment of the trial court:

If the Texas Supreme Court requests briefs on the merits, but Plaintiff is unsuccessful in his appeal to the Texas Supreme Court, Bella additionally is awarded the amount of $20,000 from Plaintiff, representing reasonable and necessary fees and expenses that would be incurred by Bella in preparing a response.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BELLA CUSTOM HOMES, INC. recover its costs of this appeal from appellant MATTHEW D. STERN.

Judgment entered this 5th day of August, 2019.

–11–